**Paul J. KAUFMANN, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE,
Respondent.**

No. 01–3138.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 7, 2001.

Before MAYER, Chief Judge,
CLEVENGER and LINN, Circuit Judges.

PER CURIAM.

Paul J. Kaufmann seeks review of the decision of the Merit Systems Protection Board No., SF0752000160I–1, affirming the decision of the United States Department of Agriculture to remove him from employment effective November 26, 1999. We *affirm.*

Kaufmann was employed as a biological science laboratory technician for the Department of Agriculture. On October 18, 1999, the Department of Agriculture issued him a proposed removal from his position for use of profane language, insubordination, harassment, intimidating employees, unauthorized recording of conversations, and making threats towards his supervisors. In his response Kaufmann admitted to refusing to comply with supervisory instructions but denied all the other charges. On November 17, 1999, the Director of the Human Resources Division issued his decision removing Kaufmann from his position to promote the efficiency of the service. Kaufmann appealed his dismissal to the board.

The Administrative Judge (AJ) affirmed the Department of Agriculture's decision to remove Kaufmann based largely on credibility determinations of the testifying witnesses and on Kaufmann's written response to the proposal of removal. In determining that Kaufmann had used profane language and failed to comply with supervisory instructions, the AJ found the testimony of his supervisors more credible. The AJ also concluded that the Department of Agriculture considered all the relevant factors and exercised management discretion in assessing Kaufmann's penalty. The board denied Kaufmann's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115.

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). *See Yates v. Merit Sys. Protection Bd.,* 145 F.3d 1480, 1483 (Fed. Cir.1998). In addition, the board's credibility determinations are subject to a particularly deferential review. *See King v. Department of Health & Human Servs.,* 133 F.3d 1450, 1453 (Fed.Cir.1998).

Kaufmann challenges the board's credibility determinations. However, he has failed to identify anything in the record that would show that the board abused its discretion in evaluating witness credibility. The board's findings are supported by substantial evidence.