**Anthony L. FARRERO, Petitioner,**

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, Respondent.**

No. 01–3109.

United States Court of Appeals, Federal Circuit.

Dec. 6, 2001.

Before MAYER, Chief Judge, MICHEL and LOURIE, Circuit Judges.

PER CURIAM.

Anthony L. Farrero appeals the March 14, 2000, decision of the Merit Systems Protection Board, No. AT1221930162–C–5, denying his petition for enforcement. We *affirm.*

In 1992, Farrero filed an individual right of action appeal under 5 U.S.C. § 1221(a), claiming that the agency imposed two retaliatory suspensions against him for making whistle-blowing disclosures. That appeal was dismissed pursuant to a 1993 settlement agreement, which provided for attorney fees. The board set aside the 1993 agreement and reinstated his appeal. The parties again agreed to settle their dispute pursuant to a second settlement agreement executed in 1998 whereby Farrero received a lump-sum payment. Farrero thereafter filed a petition for enforcement because of an alleged breach by NASA.

Farrero asserts that NASA breached the agreement by: (1) failing to make matching contributions to his Thrift Savings Plan on the lump-sum settlement amount; and (2) refusing to pay his attorney fees.

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). *See Yates v. Merit Sys. Protection Bd.,* 145 F.3d 1480, 1483 (Fed. Cir.1998).

The board concluded that, pursuant to 5 C.F.R. § 1600.8, Thrift Savings Plan contributions can be made by agencies only on an employee's base salary, and, since the settlement agreement payment did not qualify as base pay, NASA was not required to make any contributions. The board also found that no provision in the 1998 settlement agreement provided for the payment of attorney fees.

The board's conclusion that the settlement agreement payment did not qualify as "basic pay" is in accordance with 5 U.S.C. § 8331(3)(H), and substantial evidence supports its finding that the plain language of the settlement agreement does not entitle Farrero to attorney fees.