Eduardo **LOPEZ–MATOS,** Petitioner,

v.

**DEPARTMENT OF JUSTICE,**
**Respondent.**

No. 02–3143.

United States Court of Appeals,
Federal Circuit.

Aug. 9, 2002.

■■■■■■■■■■■■

---

Before NEWMAN, RADER, and DYK, Circuit Judges.

PER CURIAM.

Eduardo Lopez–Matos petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the Department of Justice, Immigration and Naturalization Service ("INS") determination of his unsuitability for employment as an immigration inspector. *Lopez–Matos v. Dep't of Justice*, No. AT–0731–00–0786–I–1 (Nov. 1, 2000) (Initial Decision); *Lopez–Matos v. Dep't of Justice*, 90 M.S.P.R. 454 (2001) (Final Order). Because we cannot determine whether the Board's decision is supported by substantial evidence, this court vacates and remands.

## BACKGROUND

As part of an application for the position of immigration inspector, Mr. Lopez–Matos filed form SF–86 entitled "Questionnaire for National Security Positions" on November 6, 1998. Question 23 of form SF–86 asks in relevant part:

a   Have you ever been charged with or convicted of any felony offense? (Include those under Uniform Code of Military Justice)

b   Have you ever been charged with or convicted of a firearms or explosives offense?

c   Are there currently any charges pending against you for any criminal offense?

d   Have you ever been charged with or convicted of any offense(s) related to alcohol or drugs?

e   In the last 7 years, have you been subject to court martial or other disciplinary proceedings under the Uniform Code of Military Justice? (Include non-judicial, Captain's mast, etc.)

f   *In the last 7 years, have you been arrested for, charged with, or convicted of any offense(s) not listed in response to a, b, c, d, or e above? (Leave out traffic fines of less than $150 unless the violation was alcohol or drug related.)*

(Emphasis added). Mr. Lopez–Matos responded "No" to each of these questions, and signed a certification stating that his statements were true, complete, and correct to the best of his knowledge and belief and were made in good faith.

Following a routine background investigation, the INS issued a letter on April 18, 2000, rejecting his application under 5 C.F.R. § 731.202(b)(3) ("Intentional false statement or deception or fraud in examination or appointment.").[1] The basis for his rejection under subsection (b)(3) was that "[he] should have answered 'Yes' [to question 23f] based on the citation [he] received for speeding on August 24, 1995 in which [he was] fined $203.00. Although [he] attended a Defensive Driving Course on November 11, 1995 in lieu of paying the citation, this *charge* should have been listed." (Emphasis added). The agency,

---

1.   The INS also made a finding of unsuitability under 5 C.F.R. § 731.202(b)(2) ("[c]riminal or dishonest conduct related to the duties to be assigned to the applicant or appointee, or to that person's service in the position or the service of other employees"). The basis for this finding was an alleged dispute between Mr. Lopez–Matos and his then spouse. This finding of unsuitability was subsequently set aside on appeal to the Board, and is not at issue here.

therefore, assumed that the citation was within the category "charges" that required disclosure in response to question 23f.

In a May 16, 2000, letter in response to his rejection petitioner admitted his failure to list the citation, but defended the omission in part as an oversight based on the similarity of form SF–86 to form 306 entitled "Declaration for Federal Employment," which did not require the disclosure of "traffic fines of $300 or less." On June 28, 2000, the INS issued a letter rendering its decision final and instructed petitioner of his rights to appeal to the Board. The appeal was timely filed on July 27, 2000. Because petitioner failed to request a hearing, the appeal was decided on the written record by the administrative judge. Initial Decision at 2. The administrative judge sustained the agency determination of unsuitability under 5 C.F.R. § 731.202(b)(3), stating that:

> Regardless of how many other applications bearing different dollar amounts the appellant may have had in his possession at the time he completed SF–86, the fact remains that the plain language of this question is unambiguous. Based upon the question as plainly stated, the appellant's $203.00 traffic fine assessed in August of 1995 clearly fits within the category of offenses to be disclosed. Therefore, I find that, at a minimum, the appellant answered question 23f with a reckless disregard for the truth, and thus his answer was made with the intent to deceive the agency.

*Id.* at 6 (citation omitted).

The Board denied review of the administrative judge's decision. Final Order at 2. Mr. Lopez–Matos petitions for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our standard of review for decisions of the Board is expressly limited by statute, which directs us to set aside Board decisions only if found to be 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed. Cir.1998).

Before this court, the petitioner and the government differ on almost every point. The petitioner asserts that the speeding violation with which he was charged was civil, not criminal; the government urges that the charge was criminal. The petitioner asserts that the form required only the disclosure of criminal charges; the government asserts that it applies to all traffic offenses where the potential fine was in excess of $150. The petitioner urges that the form was not clear as to the required scope of disclosure; the government urges that the form was clear.

The present record and the findings of the administrative judge are insufficient for us to determine whether the petitioner or the government is correct. We accordingly remand for further proceedings. On remand the administrative judge should determine: (1) whether the petitioner was charged with a criminal (as opposed to civil violation);[2] (2) if he was charged with a civil violation, whether the form (considering the instructions and the overall con-

2. The government has cited to cases establishing that a speeding violation may be a criminal violation under Texas law. However, this does not establish that all such violations are criminal.

text) required disclosure of such charges;[3] and (3) if the form required such disclosure, whether petitioner reasonably concluded that the form did not require such disclosure given his apparent concession that he construed a related form as requiring a disclosure of such violations where the fine was more than $300.00. Based on those findings, the administrative judge should then determine whether petitioner made an intentionally false statement, and therefore, whether the charge should be sustained.

We vacate and remand for further proceedings consistent with this opinion.

No costs.

---

**3.** Arguably the form's reference to "offenses," as read in the context of sections a-e of question 23, includes only criminal offenses.