**Charles J. ROLL, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE Respondent.**

No. 03–3121.

United States Court of Appeals, Federal Circuit.

Oct. 14, 2003.

**Valentino C. ALBA, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 03–3045.

United States Court of Appeals, Federal Circuit.

Oct. 10, 2003.

Before MICHEL, SCHALL and GAJARSA, Circuit Judges.

Judgment

PER CURIAM.

*This CAUSE having been heard and considered, it is ORDERED and ADJUDGED:*

AFFIRMED. *See* Fed. Cir. R. 36.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

Charles J. Roll seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his claim for relief under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *Roll v. United States Postal Serv.*, Nos. SE3443010218–I–1, SE3443010219–I–1, SE3443010221–I–1, 2002 WL 31720615 (Nov. 25, 2002). We *affirm.*

I

Mr. Roll worked for the U.S. Postal Service ("agency") in 1968 and 1969, and he reapplied for another position in 1995. Mr. Roll is a veteran of service in the U.S. military forces. During the course of his reapplication efforts, he was asked to produce his discharge papers as part of the agency's diligence in determining whether there existed any obstacles to offering employment to Mr. Roll. In the ordinary course, the agency seeks information from previous employers of applicants in a nondiscriminatory fashion, *i.e.*, the agency asks all kinds of former employers for background information about applicants.

Mr. Roll's discharge from military service was a discharge "under honorable conditions" (previously known as a "general discharge"). Army regulations provide for several forms of discharge, ranging from honorable discharge, to discharge under honorable conditions, to discharge under other than honorable conditions, to bad conduct discharge, and to dishonorable discharge. A discharge under honorable conditions is "warranted when significant negative aspects of the member's conduct or performance of duty outweigh positive aspects of the member's military record," *see, e.g.*, Enlisted Administrative Separations (DOD Directive 1332.14), 47 Fed. Reg. 10,162, 10,183 (Mar. 9, 1982), or when the member's service has been "satisfacto-ry but not sufficiently meritorious to warrant an honorable discharge," Army Reg. 635–200, 3–7b(1) (Oct. 1, 1982).

The agency's operations handbook specifies that if an applicant has been discharged from the military at less than the honorable designation, "the reasons [for the less-than-honorable discharge] must be ascertained, and a determination made as to whether they would make the [applicant] unsuitable for postal employment." Postal Service Personnel Handbook § 313.8 (Apr.1990). When the agency determined that Mr. Roll had been given a less-than-honorable discharge, it initiated a suitability background investigation that delayed the employment process. His application was accordingly put on inactive status on January 12, 1996, pending information from the Department of the Army that would explain the reason for his "under honorable conditions" discharge. On May 27, 1996, Mr. Roll was told by the agency that it had completed its background check and that no obstacle stood in the way of his employment. He was thereafter hired by the agency.

Mr. Roll brought a claim of discrimination under USERRA to the Board, asserting that his application for employment had been delayed because he had been a member of the armed services. He alleged that the delay in his hiring was an adverse employment action, and that his military service had been a substantial or motivating factor in the adverse action.

The administrative judge ("AJ") assigned to Mr. Roll's case issued an Initial Decision on December 12, 2001. The AJ correctly stated that in order to establish a *prima facie* case under USERRA, Mr. Roll had to assert (1) performance of duty in a uniformed service; (2) loss of a "benefit of employment"; and (3) that the benefit was lost due to his previous military

service, citing our decision in *Yates v. Merit Systems Protection Board,* 145 F.3d 1480, 1483–84 (Fed.Cir.1998). The AJ concluded that Mr. Roll could not satisfy the third test, because the delay in his hiring process was not due to his service in the military, but instead was due to a background check of the same kind and intensity that the agency conducts for all applicants. To be sure, the AJ noted that it was the military to which the agency directed its inquiry, but the AJ also emphasized that the inquiry was wholly nondiscriminatory. That is, the inquiry was not taken as an act of discrimination against Mr. Roll on account of his military service. As the AJ noted, the scope of review under USERRA is limited to the issue of discrimination on the basis of the appellant's prior military service. Mr. Roll made no showing that his treatment was any different than the agency accorded to other applicants: the agency checks out all applicants for possible grounds to stand in the way of employment. Consequently, the AJ reasoned that Mr. Roll failed to prove that his military service, per se, was the motivating factor for the alleged adverse employment action. Mr. Roll's case was thus dismissed.

Mr. Roll sought review of the initial decision from the full Board, which declined review. The initial decision thus became the final decision of the Board, subject to review on petition to this court. Mr. Roll timely sought review in this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the final decision of the Board unless we conclude that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. When the Board's decision rests on findings of fact, those findings must be supported by substantial evidence. *See* 5 U.S.C. § 7703(c)(1) & (3) (2000).

As we noted in *Yates, supra,* the purpose of USERRA in cases such as this is to "prohibit discrimination against persons because of their service in the uniformed services." 145 F.3d at 1483 (quoting 38 U.S.C. § 4301(a)(3)). In this case, Mr. Roll can point to no act of discrimination taken against him by the agency because of his military service. He was treated just as any other applicant; he was subjected to a background check; the background check took some time. Mr. Roll seeks to gain back pay for the time of the delay in his hiring on the theory that his service in the military was the reason for the delay in his hiring. As the Board pointed out, it may be that his service in the military (service that resulted in his less-than-honorable discharge) led the agency to inquire of the reasons for his particular discharge status, but even so he can point to no discrimination in the steps taken by the agency to understand the reason for his discharge status. Under Mr. Roll's view of USERRA, any connection to the military is enough to force an agency to make amends for a veteran's loss of a "benefit of employment." Thus, under his view, a person who is dishonorably discharged for, say, treason, without more could not be denied a "benefit of employment" under USERRA. We disagree. The law only prevents discrimination on account of military service. Because Mr. Roll can point to no such discrimination, the Board committed no error in dismissing his case, and we therefore affirm the final decision of the Board.