**Eduardo LOPEZ–MATOS, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 04–3156.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 15, 2004.

Before CLEVENGER, RADER and DYK, Circuit Judges.

PER CURIAM.

Eduardo Lopez–Matos *pro se* appeals the decision of the Merit Systems Protection Board (Board) affirming the determination of the Department of Justice, Immigration and Naturalization (INS) that Mr. Lopez–Matos is unsuitable for employment. *Lopez–Matos v. Dep't of Justice,* MSPB Docket No. AT–00731–00–0786–M–1, 96 M.S.P.R. 117, 2003 WL 23416761 (Dec. 30, 2003). Because substantial evidence does not support the Board's decision, this court *reverses.*

I.

On August 24, 1995, Mr. Lopez–Matos received a speeding ticket and was fined

$203. Mr. Lopez–Matos entered a plea of no contest and agreed to attend a defensive driving course in lieu of paying the fine. After Mr. Lopez–Matos attended the course on November 11, 1995, the fine was dismissed.

On December 29, 1998, after applying for the position of immigration inspector with the INS, Mr. Lopez–Matos received a tentative offer of employment. Subsequently, Mr. Lopez–Matos was asked to complete Standard Form 86 (SF–86). The preface to question 23 of SF–86 states:

YOUR POLICE RECORD

For this item, report information regardless of whether the record in your case has been "sealed" or otherwise stricken from the record. The single exception to this requirement is for certain convictions under the Federal Controlled Substances Act for which the court issued an expungement order under the authority of 21 U.S.C. § 844 or U.S.C. § 3607.

Mr. Lopez–Matos responded "no" to each of the six parts of question 23, including 23f, which reads as follows:

(f) In the last 7 years, have you been arrested for, charged with, or convicted of any offense(s) not listed in response to a, b, c, d or e above? (Leave out traffic fines of less than $150.00 unless the violation was alcohol or drug related).

An INS background investigation discovered the $203 speeding ticket. Because Mr. Lopez–Matos failed to disclose this ticket on his SF–86, the INS proposed to find him "unsuitable" for the position of investigator and invited a response. In his response, Mr. Lopez–Matos admitted his failure to disclose the speeding ticket, but defended the omission in part as an oversight based on the similarity of form SF–86 to form 306 entitled "Declaration for Federal Employment," which did not re-

quire the disclosure of "traffic fines of $300 or less." On June 28, 2000, after considering Mr. Lopez–Matos' response, INS withdrew its tentative offer of employment explaining that Mr. Lopez–Matos' actions clearly established he was not suitable for the immigration inspector position because he lacked the qualities of "honesty, trustworthiness, good judgment, and integrity."

On November 11, 2000, the Board affirmed the negative suitability determination because the "$203.00 traffic fine ... clearly fit[ ] within the category of offenses to be disclosed." Consequently, the Board concluded Mr. Lopez–Matos answered question 23 "with a reckless disregard for the truth" and an "intent to deceive the agency." The Board denied Mr. Lopez–Matos' petition for review and the Board's initial decision became final on December 10, 2001. Mr. Lopez–Matos then appealed to this court.

In an unreported decision dated August 9, 2002, this court vacated the Board's final decision and remanded for further proceedings. The court directed the administrative judge to determine:

(1) whether the petitioner was charged with a criminal (as opposed to a civil) violation; (2) if he was charged with a civil violation, whether the form (considering the instructions and overall context) required the disclosure of such charges; and (3) if the form required such disclosure, whether petitioner reasonably concluded that the form did not require such disclosure given his apparent concession that he construed a related form as requiring a disclosure of such violations where the fine was more than $300. Based on those findings, the administrative judge should then determine whether the petitioner made an intentionally false statement, and therefore, whether the charge should be sustained.

In accordance with the court's remand, the Board issued an initial decision on February 28, 2003. First, the Board determined Mr. Lopez–Matos' traffic violation was a criminal offense. *Lopez–Matos*, No. AT–00731–00–0786–M–1 at 5–8, 2003 WL 23416761 (quoting Tex. Transp. Code §§ 542.301(a), 542.301(b) and 545.352(a)). The Board explained under Texas law, the offense of speeding constitutes a misdemeanor and noted that a misdemeanor is by definition a criminal offense. *Id.* at 6–7, 2003 WL 23416761. Second, the Board determined Mr. Lopez–Matos was required to disclose that he was charged with this criminal "offense" in answering question 23f on Form SF–86. *Id.* at 8–9, 2003 WL 23416761. Third, the Board found Mr. Lopez–Matos' explanation that he failed to disclose the traffic violation unreasonable and "unworthy of belief." *Id.* at 9, 2003 WL 23416761 (citing *Lopez–Matos v. Dept. of Justice*, MSPB Docket No. AT–0731–00–0786–I–1 (Initial Decision, Nov. 1, 2000), p. 6).

In light of these conclusions, the Board found Mr. Lopez–Matos had made an intentionally false statement on his application and sustained the charge against him. *Id.* at 10, 2003 WL 23416761. Mr. Lopez–Matos subsequently filed a petition for review seeking reconsideraion of the Board's initial decision, which was denied on December 30, 2003. *Lopez–Matos*, MSPB Docket No. AT–00731–00–0786–M–1, 2003 WL 23416761. This appeal followed.

## II.

This court must affirm a decision of the Board unless it is 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

To find an appellant unsuitable based on false statements, an agency must show by a preponderance of the evidence that the appellant provided false information with the intention of defrauding the Government. *See Naekel v. Dep't of Transp.*, 782 F.2d 975, 977 (Fed.Cir.1986); *see also Brown v. Def. Logistics Agency*, 65 M.S.P.R. 436, 442 (1994), *aff'd*, 67 F.3d 319 (Fed.Cir.1995). The fact of an incorrect response cannot control the question of intent. *Naekel*, 782 F.2d at 979. "Were a bare inaccuracy controlling on the question of intent, the 'intent' element of the charge would be subsumed within the distinct inquiry of whether the employee's answer adheres to the true state of facts." *Id.* Intent may also be inferred when a misrepresentation is made with reckless disregard for the truth or with a conscious purpose to avoid learning the truth. *See Walcott v. U.S. Postal Serv.*, 52 M.S.P.R. 277, 282, *aff'd*, 980 F.2d 744 (Fed.Cir.1992).

In the present case, the Board erred by allowing an incorrect response to control the "intent" element of the false statements test. While undisputed evidence exists that Mr. Lopez–Matos incorrectly answered question 23f on Form SF–86, no substantial evidence of record establishes his intention to deceive or mislead the INS given the confusing nature of the question. In response to INS's allegation that he made an intentional false statement, Mr. Lopez–Matos explained his oversight stemmed from the similarity of form SF–86 to form 306, which did not require the disclosure of "traffic fines of $300 or less." While the Board dismissed Mr. Lopez–Matos' response as "unreasonable" and "unworthy of belief," it did not point to any supporting evidence, other than Mr. Lopez–Matos' "incorrect response." *Lopez–*

*Matos,* MSPB Docket No. AT–00731–00–0786–M–1 at 9. Given the confusing nature of the application question, it could have reasonably been interpreted as covering only traffic fines that were not dismissed. Because neither INS nor the Board presented substantial evidence of intent, this court sets aside INS's action because it was arbitrary, capricious, and unsupported by substantial evidence. The decision of the Board is reversed.