Sonya L. YATES, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 97–3316.

United States Court of Appeals, Federal Circuit.

June 23, 1998.

Stan Barnett, Smith, Bundy, Bybee & Barnett, P.C., Charleston, SC, argued, for petitioner.

Joyce G. Friedman, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued, for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before CLEVENGER, Circuit Judge, SMITH, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

Sonya L. Yates petitions for review of the final decision of the Merit Systems Protection Board (Board) that dismissed for lack of jurisdiction her appeal of her removal by the United States Postal Service (Postal Service or agency). *Yates v. United States Postal Serv.*, 75 M.S.P.R. 218 (1997). Because we conclude that Ms. Yates presented a claim within the Board's jurisdiction under the Uniformed Services Employment and Reemployment Rights Act of 1994, Pub.L. No. 103–353, 1994 U.S.C.C.A.N. (108 Stat.) 3149 (USERRA) (codified at 38 U.S.C. §§ 4301–33 (1994)),[1] we reverse the Board's decision and remand the case to the Board for an adjudication of the merits of the appeal.

## BACKGROUND

The facts relating to the jurisdictional issue are not in dispute. At all times relevant to this appeal, Ms. Yates was a reservist in the United States Army. She began her employment with the Postal Service on January 27, 1996, when she entered on duty as a transitional, or part-time, employee. On May 25, 1996, her status was converted to that of a career employee, subject to a 90–day probationary period. Also on May 25th, she accepted transfer into a program in which she was to be trained as a Data Conversion Operator. During the training period, she was required to achieve a minimum level of proficiency with a key punch system in order to earn a permanent position with the agency. When Ms. Yates entered the program, she was told that her training progress would be evaluated at 30–day, 60–day, and 90–day intervals.

On July 6, 1996, some 40 days after beginning the training program, Ms. Yates went on duty with her Reserve unit. She served with her unit until July 23, 1996. While she was on duty, she missed her 30–day evaluation. After she returned from Reserve duty, she received her 60–day evaluation and continued with the training program. However, the agency did not extend the training period to make up for the two weeks that she had lost while she was on Reserve duty. Near the end of the training period, the Postal Service evaluated Ms. Yates' performance. Shortly thereafter, on August 21, 1996, she was removed from her position as a Data Conversion Operator for unacceptable performance during her probationary period.

Ms. Yates timely appealed her removal to the Board. In Box 27 of the appeal form, she was asked to explain why she thought that the Postal Service was wrong in removing her. In response, she stated in relevant part as follows:

> I was absent (2) two-week periods for military duty, once during probation. I didn't realize I wouldn't have the option to extend for those days, if this was addressed to me, I probably would have declined the career position and stayed employed as a transitional emp. working part-time and kept my full-time job of ten years, or would have spoken with my reserve commander to see about scheduling my duty at a later date.

In Box 30.b, Ms. Yates stated why she believed the Postal Service had committed harmful procedural error in her case:

> If I had received my 30 day eval. I would have thought twice about resigning from my other job. Looking at the last edit I

1. All references are to the 1994 version of the United States Code.

received prior to becoming career, I was nowhere close to the required performance levels they were asking for.

In addition, Ms. Yates attached to her appeal form a letter addressed to the "Board Members." In the letter, she explained that the Postal Service had promised her that she would receive 30, 60, and 90–day evaluations. She stated that she had been "scheduled to go on military duty (July 6–21), and [she] hadn't had [her] first evaluation prior to that date." She further stated that she had "assumed that [she] would [be] given the chance to complete the two weeks that [she] had missed." Finally, Ms. Yates reiterated in her letter that she never received a 30–day evaluation because she was on Reserve duty when the other individuals in the training program received their 30–day evaluations. In neither her appeal form nor her letter did Ms. Yates mention any statutes or regulations under which she believed she was entitled to relief.

On September 26, 1996, the administrative judge (AJ) to whom the appeal was assigned issued an acknowledgment order. Addressing the issue of jurisdiction, the AJ informed Ms. Yates in the order that she had the burden of establishing the Board's jurisdiction and that the Board might not have jurisdiction over her appeal:

> Because you are a Postal Service employee, the Board may not have jurisdiction to decide your appeal. You must 1) be a preference-eligible employee, a management or supervisory employee or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity and 2) have completed one year of current, continuous service in the same or a similar position for the Board to exercise jurisdiction over your appeal. *See* 39 U.S.C. § 1005(a) and 5 U.S.C. § 2108.

The AJ's order did not mention the possibility of jurisdiction under USERRA. The acknowledgment order directed Ms. Yates "to file evidence and argument" to establish that the appeal was within the Board's jurisdiction. Ms. Yates did not respond to the order.

On October 23, 1996, the AJ issued an initial decision granting the agency's motion to dismiss for lack of jurisdiction. The AJ stated that, in order for Ms. Yates' appeal to come within the Board's jurisdiction, Ms. Yates had to be an "employee" within the meaning of 5 U.S.C. § 7511, or she had to fall within the purview of 39 U.S.C. § 1005(a). The AJ pointed out that under 5 U.S.C. § 7511(a)(1)(B), in order to be entitled to appeal to the Board, an employee of the Postal Service had to be a "preference eligible" employee who had completed one year of current continuous service in the same or a similar position. Turning to 39 U.S.C. § 1005(a)(4)(A), the AJ stated that, in order to establish Board jurisdiction under that statute, in addition to having completed one year of current continuous service, an appellant had to be a supervisor or management employee, or be engaged in personnel work in other than a purely nonconfidential clerical capacity. As far as Ms. Yates was concerned, the AJ noted that, although there was evidence in the record indicating that she was a veteran, she had not asserted in her appeal that she had preference-eligible status as a veteran. The AJ also noted that Postal Service records indicated that she was not entitled to a veteran's preference. The AJ further noted that it was undisputed that Ms. Yates did not have one year of current continuous service. Accordingly, the AJ concluded, Ms. Yates could not establish Board jurisdiction under either 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(a)(4)(A). In his decision, the AJ did not address the question of whether the Board had jurisdiction under USERRA.

On November 27, 1996, Ms. Yates petitioned the Board for review. In so doing, she challenged the AJ's determination that she was not entitled to a veteran's preference. She asserted no other grounds in support of her petition, however. On April 4, 1997, the AJ's initial decision became the final decision of the Board pursuant to 5 C.F.R. § 1201.113(b) (1997),[2] when the Board denied Ms. Yates' petition for review for failure to meet the criteria for review set

---

**2.** All references are to the 1997 version of the Code of Federal Regulations.

forth in 5 C.F.R. § 1201.115. This appeal followed.

## DISCUSSION

### I.

 Our standard of review with respect to a decision of the Board is limited. We must affirm the Board's decision unless it is 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule or regulation having been followed; or 3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c); *see also King v. Department of the Navy,* 130 F.3d 1031, 1033 (Fed.Cir.1997). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law which we review *de novo. See King v. Briggs,* 83 F.3d 1384, 1387 (Fed. Cir.1996). Ms. Yates had the burden of establishing the Board's jurisdiction by facts supported by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2); *see also Waldau v. Merit Sys. Protection Bd.,* 19 F.3d 1395, 1402 (Fed.Cir.1994). In petitioning for review, Ms. Yates argues that the Board erred in dismissing her appeal for lack of jurisdiction because she established Board jurisdiction under USERRA. We agree.

### II.

#### A.

One of the purposes of USERRA is to "prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). To that end, the statute provides:

A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that mem-

bership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). Under the statute, an employer is considered to have engaged in actions prohibited under § 4311(a) if, among other things, a person's "membership" or "obligation for service in the uniformed services" is "a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership ... or obligation for service." 38 U.S.C. § 4311(c)(1).

For purposes of USERRA, service in the Army Reserve qualifies as "service in the uniformed services." 38 U.S.C. § 4303(13), (16). At the same time, with exceptions not relevant here, the term "employer" includes "any Federal executive agency." 38 U.S.C. § 4303(4)(A)(ii), (6). Under the statute, the Postal Service is considered a "Federal executive agency." 38 U.S.C. § 4303(5). Coverage of the statute extends to "any person employed by an employer." 38 U.S.C. § 4303(3).[3] The term "benefit of employment" is broadly defined. It includes "any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice." 38 U.S.C. § 4303(2).

 USERRA has a separate section dealing with Federal executive agencies. *See* 38 U.S.C. § 4324. Pursuant to § 4324(b), a person who claims that a Federal executive agency has failed to comply with USERRA may submit a complaint directly to the Board if at least one of several listed conditions is met.[4] The Board then is required to adjudicate the complaint. *See* 38 U.S.C. § 4324(c)(1). Under § 4324, an adverse determination of the Board in connection with a USERRA complaint may be the subject of a petition for review to this court in accordance with the procedures set forth in 5 U.S.C. § 7703. *See* 38 U.S.C. § 4324(d)(1). Thus,

---

**3.** For purposes of USERRA, an employee does not have to meet the requirement of one year of current continuous service discussed above. *See* 38 U.S.C. § 4311(a); *see also Jasper v. United States Postal Serv.,* 73 M.S.P.R. 367, 369 (1997).

**4.** In this case, Ms. Yates is entitled to file a complaint directly with the Board under 38 U.S.C. § 4324(b) because she chose not to file a complaint with the Secretary of Labor.

in challenging an adverse action before the Board, an employee of a Federal executive agency may assert, as an affirmative defense, a violation of USERRA by the agency. If the employee's Board appeal is unsuccessful, he or she then may reassert the affirmative defense when petitioning this court for review.

### B.

On appeal, Ms. Yates argues that the Board has jurisdiction over her appeal under USERRA. She acknowledges that when she appealed to the Board, she made no mention of USERRA. She contends, however, that her appeal to the Board implicitly requested that it consider jurisdiction under USERRA because her appeal form and the letter attached to it "explained that she believed her absence from the training ... to attend Army Reserve duty caused her to lose the proficiency she otherwise would have had." Ms. Yates asserts that there are only three requirements for Board jurisdiction under USERRA: (1) performance of duty in a uniformed service of the United States; (2) an allegation of a loss of a benefit of employment; and (3) an allegation that the benefit was lost due to the performance of duty in the uniformed service. She argues that she met the statutory requirements because, before the Board, she alleged that she was an Army Reservist, explained that she lost two benefits of employment (two weeks of training and a 30–day evaluation), and indicated that she had lost those benefits because of her Reserve duty.

The Board responds that it did not err in dismissing Ms. Yates' appeal. In so doing, it does not argue that it lacks jurisdiction under USERRA as asserted by Ms. Yates before us. In other words, the Board does not take the position that Ms. Yates is not now asserting a USERRA claim that gives the Board jurisdiction. Rather, it argues that Ms. Yates' Board appeal made no mention of USERRA, and it contends that, before the Board, Ms. Yates failed to articulate facts that would have established jurisdiction under USERRA. Specifically, the Board contends that Ms. Yates never alleged that her failure to receive her 30–day evaluation or her two-week absence on account of military duty was responsible for her termination. The Board adds that, because Ms. Yates had the burden of establishing jurisdiction, the Board was not required "to guess from ... vague statements" that she was attempting to mount an affirmative defense under USERRA. In short, according to the Board, Ms. Yates waived the affirmative defense that, in its treatment of her, the Postal Service violated USERRA.

In the past, the Board has adopted a liberal approach in determining whether jurisdiction exists under USERRA. See Duncan v. United States Postal Serv., 73 M.S.P.R. 86, 92 (1997) ("The relative weakness of the specific factual allegations initially made by an appellant in his USERRA claim ... should not serve as the basis for dismissing [his appeal] for lack of jurisdiction; if he fails to develop those allegations, his USERRA claims should simply be denied on the merits."); see also Jasper v. United States Postal Serv., 73 M.S.P.R. 367, 370 (1997) (finding jurisdiction where the appellant alleged that "the agency [had] terminated him because of his prior military service"); Petersen v. Department of Interior, 71 M.S.P.R. 227, 234–35 (1996) (finding jurisdiction where the appellant alleged that "the agency removed his law enforcement commission and that it subjected him to a hostile work environment, both because of his prior military service").[5] In Petersen, the Board also noted that Congress intended that the term "benefit of employment" be given an expansive interpretation. 71 M.S.P.R. at 237. The Board's approach finds support in the broad language of the statute and the legislative history. See H.R.Rep. No. 103–65, at 23 (1993), reprinted in 1994 U.S.C.C.A.N. 2449, 2456 ("The Committee intends that these anti-discrimination provisions be broadly construed and strictly enforced."). Viewing the record before us against the standard that the Board has adopted—with

---

**5.** In Duncan and Petersen, the appellants expressly mentioned USERRA in their complaints. See Duncan, 73 M.S.P.R. at 90; Petersen, 71 M.S.P.R. at 231. The appellant in Jasper, however, did not expressly mention USERRA in his complaint. See Jasper, 73 M.S.P.R. at 368–69.

which we agree—we have no difficulty concluding that, in her appeal to the Board, Ms. Yates asserted a claim under USERRA.

It is true that in her appeal Ms. Yates failed to mention USERRA or to make any allegation of discrimination against her by the Postal Service on account of her Army Reserve duty. We nevertheless believe that Ms. Yates asserted a claim under USERRA so as to bring her appeal within the jurisdiction of the Board. The reason is that in her appeal form and in the letter attached to the form, Ms. Yates alleged facts sufficient to invoke the jurisdiction of the Board under USERRA. Specifically, Ms. Yates asserted (i) that she served on Reserve duty for two weeks in July of 1996; (ii) that while on Reserve duty she missed her 30–day evaluation in connection with the Data Conversion Operator training program; and (iii) that after she returned from her Reserve duty, the Postal Service failed to extend her training period to make up for the two weeks that she had lost while she was with her Reserve unit. We agree with Ms. Yates that, in view of the liberal standard applicable to USERRA claims, she asserted before the Board that she had been deprived of benefits of employment because of her Reserve duty: namely, two weeks of training and her 30–day evaluation. Each of these is properly viewed as a "benefit of employment" because each was an "advantage" or "status" of her

probationary employment with the Postal service. *See* 38 U.S.C. § 4303(2). At the same time, Ms. Yates expressly alleged that she lost those benefits as a result of her Army Reserve duty. In short, all that was missing from Ms. Yates' appeal was an express invocation of USERRA and an express assertion of discrimination by the Postal Service. Their absence was not fatal. Based upon the record before us, we hold that through her appeal form and the letter attached to it, Ms. Yates articulated facts sufficient to assert a claim within the Board's jurisdiction under USERRA.[6]

## CONCLUSION

For the foregoing reasons, the Board has jurisdiction over Ms. Yates' appeal under USERRA. Accordingly, the decision of the Board to the contrary is reversed. The case is remanded to the Board for consideration of the merits of Ms. Yates' appeal of her removal by the Postal Service.

*REVERSED* and *REMANDED.*

---

6. The government cites *Meglio v. Merit Systems Protection Board*, 758 F.2d 1576, 1577 (Fed.Cir. 1984), for the proposition that "[w]here petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit." This case is very different from *Meglio.* In *Meglio*, the presiding official dismissed Meglio's appeal for lack of jurisdiction and the full Board denied Meglio's petition for further review under 5 C.F.R. § 1201.115. On appeal to this court, Meglio for the first time asserted that the Board had jurisdiction pursuant to a 1977 agreement between him and the agency. Because Meglio had not raised the 1977 agreement before the Board, we held that it was too late to assert jurisdiction based on the agreement and that Meglio had waived the argument. In contrast, Ms. Yates has not presented new factual evidence on appeal. As we have held, Ms. Yates' appeal form and attached letter filed with the Board alleged facts sufficient to invoke the jurisdiction of the Board under USERRA.