Irenio G. ALFEROS, Antonio P. Navarro, Paterno A. Paje, Jose F. Falciso, Manuel M. Coronel, Gonzalo R. Danao, Sr., Natalio M. Dela Cruz, Moises R. Quiba, Gaudencio Daguinotnot, Ernesto L. Mauricio, and Wilfredo A. De Jesus, Petitioners,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

Nos. 01–3076 to 01–3086.

United States Court of Appeals, Federal Circuit.

Oct. 5, 2001.

Rehearing Denied Dec. 21, 2001.

Before MAYER, Chief Judge, NEWMAN and BRYSON, Circuit Judges.

PER CURIAM.

Ireneo G. Alferos et al.[1] ("retired employees") seek review of the November 2, 2000, decision of the Merit Systems Protection Board, No. SE1221000155–W–1, dismissing their individual right of action appeals seeking to reopen their annuity claims, for lack of jurisdiction under the Whistleblower Protection Act and *res judicata.* We *affirm.*

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). Jurisdiction and *res judicata* are questions of law, which we review *de novo.* See *Yates v. M.S.P.B.,* 145 F.3d 1480, 1483 (Fed.Cir.1998).

In section 122(a), the Whistleblower Protection Act grants federal employees, former employees, and applicants for employment individual rights of action to seek corrective action by the board if the requirements of section 2302(b)(8) are met. 5 U.S.C. § 1221(a) (1994). Section 2302(b)(8) stipulates that a protected disclosure, for which a retaliatory personnel action was taken, must have been made by an "employee or applicant for employment." *Id.* § 2302(b)(8). Protected disclosures must be based upon, *inter alia,* a reasonable belief of "a violation of any law, rule, or regulation." *Id.* § 2302(b)(8)(A)(i).

The retired employees argue that they fall within the covered class of "employee[s] or applicant[s] for employment" under section 2302(b)(8) even though their

1. The Merit Systems Protection Board issued a single decision consolidating the eleven individual right of action appeals. Petitioners submitted virtually identical informal briefs, thus we address their collective arguments.

alleged disclosures in 1999 were made after their retirements, which occurred between 1987 and 1992. They assert that scattered sections of Title 5, sections 8336, 8338, 8342, 8412, 8413, and 8424, referring to "employee" have been interpreted to include "former employee," and therefore "former employee" should be read into section 2302(b)(8). We do not agree. These sections discuss retirement benefits for an "employee who is separated" from government service; thus the term "employee" itself need not be interpreted as "former employee." 5 U.S.C. § 8336 (1994); *see id.* §§ 8338, 8342, 8412, 8413, 8424. The retired employees also refer to sections 7701(a) and 7703(a)(1), which grant appellate and judicial review to "any employee or applicant for employment" who is adversely affected by the board's decisions. 5 U.S.C. §§ 7701(a), 7703(a)(1) (1994). The retired employees are correct that these subsections apply to former employees as well. However, for purposes of the Whistleblower Protection Act, they apply to those former employees who were discharged or forced to resign for whistleblowing during employment.

The plain language of section 1221(a) clearly includes "former employee[s]" as among those who can invoke the Whistleblower Protection Act, whereas section 2302(b)(8), referenced in section 1221(a), specifically lists only "employee[s] or applicant[s] for employment" as protected. Legislative history demonstrates that the purpose of the Whistleblower Protection Act is to encourage whistleblowing by federal employees and to protect their careers from reprisals when they make protected disclosures. Disclosures made after retirement are not within this ambit. *See, e.g.,* S.Rep. No. 95–969, at 8, 18, 21–22 (1978); *reprinted in* U.S.S.C.A.N. 2730, 2740, 2743–44; S.Rep. No. 100–413, at 5 (1988).

Because the retired employees may not invoke individual rights of action under the Whistleblower Protection Act, we need not decide whether their allegation, that 2 C.F.R. § 831.201(a)(13) violated Executive Order 9154 and the Civil Service Reform Act of 1978, is a protected disclosure under section 2302(b)(8)(A). Nor do we need to address whether denial of their requests to reopen their claims constitutes retaliatory action under section 2302(b).

The doctrine of *res judicata* bars reopening a final judgment on the merits in which the same issue was raised or could have been raised. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). All of the retired employees have had the opportunity to litigate fully both OPM's interpretation of section 831.201(a)(13) and the denial of benefits before the board. Moreover, we affirmed all of their benefit appeals [2] based on *Rosete v. Office of Personnel Management,* 48 F.3d 514 (Fed.Cir.1995) (holding that indefinite appointees may be denied annuities under the Civil Service Retirement

---

**2.** *Alferos v. Office of Personnel Management,* 60 F.3d 841 (Fed.Cir.1995) (Table); *Coronel v. Office of Personnel Management,* 62 F.3d 1432 (Fed.Cir.1995) (Table); *Daguinotnot v. Office of Personnel Management,* 62 F.3d 1431 (Fed.Cir.1995) (Table); *Danao v. Office of Personnel Management,* 64 F.3d 672 (1995) (Table); *De Jesus v. Office of Personnel Management,* 62 F.3d 1431 (Fed.Cir.1995) (Table); *Dela Cruz v. Office of Personnel Management,* 60 F.3d 841 (Fed.Cir.1995) (Table); *Falciso v. Office of Personnel Management,* 106 F.3d 422 (Fed.Cir.1996) (Table); *Hilario S. David v. Office of Personnel Management,* 60 F.3d 842 (Fed.Cir.1995) (Table) (Navarro); *Mauricio v. Office of Personnel Management,* 60 F.3d 841 (Fed.Cir.1995) (Table); *Paje v. Office of Personnel Management,* 64 F.3d 674 (Fed.Cir. 1995) (Table); *Quiba v. Office of Personnel Management,* 62 F.3d 1433 (Fed.Cir.1995) (Table).

Act). Thus, the board properly barred the claims as *res judicata.*