Beverly A. WALKER, Petitioner,

v.

DEPARTMENT OF THE ARMY, Respondent.

No. 02–3123.

United States Court of Appeals, Federal Circuit.

June 7, 2002.

Before MAYER, Chief Judge, MICHEL, and SCHALL, Circuit Judges.

PER CURIAM.

Beverly A. Walker seeks review of a decision by the Merit Systems Protection Board affirming the Department of the Army's decision to remove Walker from

her position as a medical records administrator in the Patient Administration Division at Fort Irwin, California. *Walker v. Dep't of Army*, SF–0752–01–0012–I–1 (Nov. 2, 2001). The decision to remove Walker rested on four grounds: failure to follow instructions; failure to follow leave procedures; absence without leave; and unavailability for work.

We have thoroughly examined the record and discern no error with the Board's decision. Further, substantial evidence does support its decision to uphold the employing agency's (the Army's) decision to discharge Walker, a civilian employee. *See* 5 U.S.C. § 7703(c) (setting forth our standard of review for decisions by the Board). Briefly stated, the record shows that Walker's supervisor (Captain Bohl) had tasked her with an assignment to obtain certain data; that Walker said she could not access this information; and that Bohl asked her to pursue it anyway, using certain contacts and preparing a memorandum. Bohl provided these instructions both verbally and in writing; but Walker still failed or otherwise simply refused to follow them, thereby causing the office to miss its deadline for providing the requested information. The record also suggests that when Bohl approached Walker about the assignment, she snapped at him, saying she already told him that she could not access the requested data.

Shortly thereafter, Walker failed to report to work without notifying her supervisor or anyone else in the chain of command. She did later have her personal physician fax her office with various "Work Status Reports," each of which appear to cursorily (and for the most part illegibly) state that Walker was suffering from workplace anxiety. At the same time, however, these reports indicate that Walker's doctor (Dr. Jacobson) was making an initial diagnosis only, and that Walker needed to have a psychiatric evaluation done immediately. (*See, e.g.,* J.A. 43) (stating in "Work Status Report" that having a "psychiatric evaluation" for Walker "is a must"). Nothing in the record shows that Walker, despite a self-professed need for help, ever had such a psychiatric evaluation performed—even though the Army offered to conduct the exam at no expense to her.

In addition, the record contains numerous references showing that Walker's office made repeated attempts, via phone calls and certified mail, to inform her that she needed to fill out certain forms (*e.g.,* the "SF–71" leave form) and to provide more detailed medical documentation in order to take leave, consistent with the office's leave policy. Walker never did, and indeed, one can reasonably surmise from the record that she took efforts to avoid contact with her office altogether. For example, after three attempts to have Captain Bohl's letters about office procedures delivered to Walker via certified mail, the Post Office returned the letters as unclaimed. In like vein, the record indicates that Walker returned calls to the office at odd times, *e.g.,* at nearly midnight on a Friday, well after the intended caller (Bohl's secretary) had gone off duty. On the other hand, as the government here notes, Walker demonstrated an ability to contact her office when she wanted to, *e.g.,* when she did not receive a paycheck one week. Worse, Walker's unauthorized absence—an absence that lasted nearly four months by the time the Army rendered its discharge decision—came at a time when the office was seeking to renew its certification, a task indisputably made more difficult by Walker's absence.

As noted, we play a limited role in reviewing decisions by the Board. *Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1483 (Fed.Cir.1998) (reiterating the "limited"

role played by a court reviewing a decision by the Board). Rather than making factual determinations in the first instance, as Walker's argument on appeal seemingly asks us to do, we may only review the record and must uphold the Board's decision so long as substantial evidence supports it. *See id.* In this case, it does. Also, Walker's appeal frequently alludes to various office regulations, saying she abided by them all along. Yet, she has not cited a single regulation or policy. By contrast, both the thorough, 19-page opinion by the Administrative Judge and the Army's own "Notice of Decision" repeatedly cite the applicable regulations for (among other things) obtaining leave. And again, the AJ amply supported his findings with extensive citations to the evidence of record. In the end, we must *affirm* the Board's decision.