**Pedro G. BAGUNAS, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 03–3059.

United States Court of Appeals, Federal Circuit.

May 8, 2003.

Before MAYER, Chief Judge, DYK and PROST, Circuit Judges.

PER CURIAM.

Pedro G. Bagunas, Jr., seeks review of the September 30, 2002, decision of the Merit Systems Protection Board, No. SF0752010487–I–1, affirming his dismissal from the United States Postal Service. We *affirm.*

Bagunas was hired on April 24, 1999, as a probationary mail carrier. On May 7, 1999, while working with a trainer, Bagunas complained of an eye injury and asked whether the postal service would pay for treatment. He was then informed that it would not pay for treatment unless it was an on-the-job injury. The following day Bagunas's supervisor noted that he appeared to be suffering from "pink eye" and excused him for the following day to seek medical treatment but told him that he had to report to work on May 10, 1999. Bagunas returned on May 13 with a doctor's note stating that he would have to work indoors and a second note stating that he could return to full duty on May 24. He also claimed for the first time that the injury was suffered while on duty. On May 19, 1999, the postal service terminated Bagunas' probationary employment based upon questionable work ethics.

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). *See Yates v. Merit Sys. Prot. Board,* 145 F.3d 1480, 1483 (Fed.Cir. 1998).

Bagunas argues that he was discriminated against based upon his veteran status, and terminated in violation of the Uniform Services Employment and Reemployment Act of 1994, 38 U.S.C. §§ 4301 *et seq.* Other than his own testimony that was described as "self serving" by the board, Bagunas has presented no evidence of discrimination. The testimony of Chris Warner, his trainer, and Shirley Smith, his supervisor, provides substantial evidence supporting the board's decision. Additionally, there is nothing to support a conclusion that the board acted arbitrarily, capriciously, or not in accordance with applicable law.