NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3126

MAURICE G. PROCIUK,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:    September 15, 2005
_____

Before RADER, FRIEDMAN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Maurice G. Prociuk ("Prociuk") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming the determination of the Office of Personnel Management ("OPM"), that he was not entitled to credit under the Civil Service Retirement System ("CSRS") for his Air Force Reserve service from September 10, 1957, through September 16, 1961.

## BACKGROUND

Prociuk served on active duty in the United States Air Force from September 17, 1953, through September 9, 1957.  He then served in the Air Force Reserve from September 10, 1957, through September 16, 1961.  On July 6, 1966, Prociuk began civilian service with the Department of the Navy, and retired from federal civilian service

on December 3, 1997. For purposes of calculating his CSRS retirement annuity, the OPM credited Prociuk with his active duty military service performed in the Air Force from September 17, 1953, through December 31, 1956.[1] However, the OPM did not give Prociuk CSRS credit for the four years he served with the Air Force Reserve.

On December 3, 2001, Prociuk requested that OPM include his years with the Air Force Reserve as creditable service for CSRS purposes. OPM denied this request. Prociuk requested reconsideration, but OPM again denied the request, explaining that 5 U.S.C. § 8331(13) defines creditable "military service" for retirement purposes as "honorable active service . . . in the armed forces," and Prociuk had failed to show that "the military service period in question was active duty time." App. at 27.

Prociuk then appealed to the Board. The Administrative Judge affirmed OPM's determination on the ground that service in the reserves was not active service. Prociuk sought review by the full Board, which was denied, and the Board decision became final on January 19, 2005.

Prociuk timely filed his petition to this court on May 9, 2005. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).


DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

---

[1] The period from January 1, 1957 through September 9, 1957 is not in dispute because Prociuk did not make the deposit that 5 U.S.C. § 8332(c)(1) requires for receiving CSRS credit for periods of military service after December 31, 1956. 5 U.S.C. § 8332.

without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Credit for military service under the CSRS is governed by 5 U.S.C. § 8332(c)(1)(A), which provides that creditable service includes credit for "each period of military service performed before the date of the separation on which the entitlement to an annuity under this subchapter is based . . . . "  50 U.S.C. § 8332(c)(1)(A) (2000). Military service is defined in 5 U.S.C. § 8331(13) as "honorable active service – (A) in the armed forces; (B) in the Regular or Reserve Corps of the Public Health Service after June 30, 1960; or (C) as a commissioned officer of the Environmental Science Services Administration after June 30, 1961," but does not include service in the reserves. 5 U.S.C. § 8331(13) (2000) (emphasis added).  Prociuk has not submitted any evidence that the years in question were active service, and in fact concedes that none of his time in the Air Force Reserve was time in which he was active service.

Nevertheless, Prociuk contends that a separate statute, the Universal Military Training and Service Act ("UMTSA"), applies in this case and requires that he receive credit for his service in the reserves.  Pet. Brief 1, 4-7, 10-12, 18-19.  In support of his argument, Prociuk cites sections 454(d)(3) and 454(e) of UMTSA.  Section 454(d)(3) provides that a person inducted, enlisted, or appointed into the Armed Forces between June 19, 1951, and August 9, 1955, "shall . . . be transferred to a reserve component . . . and shall serve therein for the remainder of the period which he is required to serve under this paragraph . . . . "  50 App. U.S.C. § 454(d)(3) (2000).  Section 454(e) provides that "persons inducted for . . . service under this title . . . shall be paid, allowed,

and extended the same pay, allowances, pensions, disability and death compensation, and other benefits as are provided by law in the case of other enlisted men of like grades and length of service . . . . " 50 App. U.S.C. § 454(e) (2000).

Prociuk argues that he was "inducted" for service into the reserves on September 10, 1957, through the operation of section 454(d)(3) of UMTSA, which required him to serve in the reserves after completing his active service. He concludes that section 454(e) mandates that his reserve service be treated the same as active service. This position is incorrect. The plain language of section 454(e) simply requires that individuals inducted into the armed forces receive the same benefits as individuals who joined the armed forces other than by induction, i.e., by enlisting voluntarily. It does not, as Prociuk appears to believe, require that time spent in the reserve service be treated the same as active service for purposes of calculating CSRS benefits. Therefore, the Board did not err in finding that section 454(e) provides no basis for giving Prociuk retirement credit for the time he spent in the Air Force Reserves.

We have reviewed Prociuk's other claims and found them to be without merit.

CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

COSTS

No costs.