NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3211

MICHAEL C. SMART,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:    November 14, 2005
_____

Before NEWMAN, RADER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Michael C. Smart ("Smart") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming the Administrative Judge's ("AJ") dismissal of Smart's individual right of action ("IRA") appeal from his termination by the Department of the Army ("Agency").  Smart argues that he was terminated in retaliation for conduct protected under the Whistleblower Protection Act of 1989, codified at 5 U.S.C. § 2302.  We affirm.

## BACKGROUND

Smart was employed by the Agency as a security guard in July 2001, and was transferred to the Agency's Umatilla Chemical Depot in Hermiston, Oregon ("Depot"), in September 2001.  By letter dated January 30, 2002, the Acting Director of Security at the Depot informed Smart that he had been absent without official leave since January

11, 2002, and directed Smart to report to duty immediately or provide an acceptable explanation for his absence. Smart did not comply, and was terminated on the basis of abandonment of position effective February 14, 2002.

Smart, as a probationary employee, could appeal to the Board only on limited grounds. See 5 C.F.R. § 315.806 (2002). One available ground is a violation of the Whistleblower Protection Act ("WPA"). 5 U.S.C. § 1221(a) (2000); 5 C.F.R. § 1209.2(b)(1) (2002). Smart filed an IRA appeal with the Board, alleging that the Depot's Special Reaction Team ("SRT") was trained at the Department of Energy ("DOE") rather than at the Department of Defense ("DOD") facility at Ft. Leonard Wood, Missouri; that this DOE training violated DOD regulations; that he disclosed this information both in an October 24, 2001, conversation and in a January 12, 2002, newspaper article; and that the Agency terminated him in reprisal for these disclosures.

In a December 24, 2003, initial decision, the AJ found that the Board had jurisdiction, applying the standard that the Board has jurisdiction over a WPA claim where there are non-frivolous allegations. The AJ dismissed Smart's appeal on the merits, concluding that he had failed to prove by preponderant evidence that his disclosures were protected by the WPA. The Board denied Smart's petition for review, but reopened the appeal sua sponte. The Board concluded that it had jurisdiction because Smart had made non-frivolous allegations that (1) he engaged in protected whistleblowing activity, and (2) that his protected conduct was a contributing factor in the agency's decision to take personnel action. Though the Board found that the AJ had failed to consider Smart's disclosure in the January 12, 2002, newspaper article, the Board affirmed the AJ's decision on the merits, concluding that Smart failed to prove

by preponderant evidence that he reasonably believed he was disclosing a violation of law or that his disclosures evidenced a substantial danger to public safety as required for protection under the WPA. The Board's decision became final on May 24, 2005.

Smart timely filed his petition to this court on August 15, 2005. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board did not err in applying the non-frivolous allegation standard to determine that it had jurisdiction under the WPA. On the merits, the Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). Smart contends that the Board failed to consider all relevant evidence in concluding that Smart's disclosures were not protected under the WPA.

To establish a claim under the WPA, the claimant must show by preponderant evidence (1) that he made a disclosure described in 5 U.S.C. § 2302(b)(8); and (2) that the protected disclosure was a contributing factor in a personnel action taken against the claimant. Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001). Among other things, the Act protects "any disclosure of information by an employee or applicant . . . which the employee or applicant reasonably believes evidences . . . a violation of any law, rule, or regulation . . . or a substantial and specific danger to public health or safety . . . ." 5 U.S.C. §§ 2302(b)(8)(A)(i)-(ii) (2000). The Board concluded after a thorough analysis that the plain language of the relevant

05-3211                                   3

regulations did not prohibit the provision of DOE, rather than DOD, training for the Depot's SRT, and thus that Smart failed to show that he reasonably believed that he had disclosed an actual regulatory violation. The Board also concluded that Smart's disclosures were too vague and speculative to constitute a "substantial and specific danger to public health or safety." Thus, the Board determined that Smart failed to establish a claim under the Act and that no corrective action was warranted. We conclude that the Board's decision is supported by substantial evidence and free from legal error.

CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

COSTS

No costs.