NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3196

ANLANDO McMILLIAN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:    February 21, 2006

_____

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Petitioner Anlando McMillian ("McMillian") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), dismissing McMillian's constructive suspension and discrimination claims for want of jurisdiction.  We affirm.

BACKGROUND

McMillian suffered an on-the-job injury on July 29, 2002, while employed by the United States Postal Service ("USPS") as a Letter Carrier in Mobile, Alabama, and accepted a limited-duty position with USPS on August 15, 2002.  On November 1, 2002, McMillian's physician advised USPS that McMillian's on-the-job injury was resolved, but that his physical capabilities remained limited due to non-work related physical problems.  On November 4, 2002, USPS discontinued McMillian's specially-created limited-duty position because his job-related injury was resolved and placed him on

leave status until he requested a light duty assignment to accommodate his ongoing medical restrictions. On November 18, 2002, McMillian requested a light-duty assignment citing his continuing physical limitations. USPS denied McMillian's request on the ground that no light-duty assignments fitting McMillian's physical restrictions were available in Mobile. McMillian did not return to work until April 10, 2003. **[ja12-13]**

McMillian appealed to the Board, alleging that USPS's denial of his light-duty request constituted race, sex, or disability discrimination and a constructive suspension from November 3, 2002, the day McMillian's leave status began, through April 10, 2003, the day he returned to work. After an evidentiary hearing, the Administrative Judge dismissed the constructive suspension claim on the merits because the USPS proved that there were no available light duty positions that could accommodate McMillian's physical restrictions in the Mobile area, which is sufficient to defeat a constructive suspension claim under <u>Baker v. U.S. Postal Serv.</u>, 71 M.SP.R. 680, 692-93 (1996). **[ja15-16]** The Administrative Judge also rejected McMillian's discrimination claim on the merits. **[ja16-17]** The full Board denied McMillian's petition for review, but reopened the appeal and changed the disposition of all McMillian's claims to a dismissal for lack of jurisdiction because McMillian failed to prove by preponderant evidence that he was constructively suspended. **[ja5,7]** The Board's decision became final on March 28, 2005.

McMillian timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's decision must be affirmed unless found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

In constructive adverse action appeals, we have recently held that non-frivolous allegations are insufficient to establish the Board's jurisdiction. Rather, the employee must establish the Board's jurisdiction by preponderant evidence. Garcia v. Dep't of Homeland Sec., No. 04-3342, slip op. at 38 (Fed. Cir. 2006) (en banc); 5 U.S.C. § 7701(a) (2000); 5 C.F.R. § 1201.56 (2005). The Board lacks jurisdiction over a discrimination claim except where it is accompanied by an adverse action claim over which the Board does have jurisdiction. 5 U.S.C. § 7702(a)(1); Garcia, No. 04-3342, slip op. at 36; Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc).

McMillian argues that the Administrative Judge ignored evidence in concluding that a constructive suspension had not been established by a preponderance of the evidence. However, we conclude that the Board's determination that there were no available light-duty assignments consistent with McMillian's physical restrictions is supported by substantial evidence. Thus, the Board did not err in concluding that there was no constructive suspension.

McMillian also insists that the Administrative Judge improperly excluded certain witnesses that would have testified that light-duty assignments were available. The Administrative Judge excluded McMillian's request to put on these witnesses because

they "were not privy to the appellant's physical limitations or the limitations of others who may have been on light or limited duty." App. at 16 n.8. We conclude that the Administrative Judge's exclusion of these witnesses, on the ground that they lacked personal knowledge germane to the subject matter of the appeal, **[ja16]** was not an abuse of discretion. "Procedural [decisions] relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials," and will only be overturned where "an abuse of discretion is clear and is harmful." Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988).

Under our en banc decision in Garcia, the Board correctly concluded that it lacked jurisdiction over McMillian's constructive suspension claim, and thus also lacked jurisdiction over McMillian's discrimination claim.

No costs.