NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3204

SHARON D. LEVY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Sharon D. Levy, of Memphis, Tennessee, pro se.

Douglas K. Mickle, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director and Mark A. Melnick, Assistant Director.  Of counsel on the brief was Garry Wade Klein, Office of the Chief Counsel, Internal Revenue Service, of Atlanta, Georgia.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3204

SHARON D. LEVY,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: September 12, 2007

_____

Before DYK and MOORE, <u>Circuit Judges</u>, and COTE, <u>District Judge</u><sup>*</sup>.

PER CURIAM.

Sharon D. Levy ("Ms. Levy") appeals from the decision of the Merit Systems Protection Board ("Board") in AT07520702221-I-1, affirming the decision of the Internal Revenue Service ("IRS") to remove her. We <u>affirm</u>.

## BACKGROUND

Until her removal, Ms. Levy had been employed since April 6, 1999, as a seasonal clerk, GS-303-4, in the Memphis office of the IRS. The IRS selected Ms. Levy's Federal tax returns from 2001 and 2002 for audit based upon routine computer matching. The audit of her 2001 return, completed over a month before her 2002 return was due, found that she had substantial unsubstantiated itemized deductions for medical and dental expenses and for charitable contributions, and that she had a tax

---

&ast; Honorable Denise Cote, District Judge, United States District Court for the Southern District of New York, sitting by designation.

deficiency of $2,850.97. The audit of her 2002 return also found substantial unsubstantiated deductions and found that Ms. Levy had a tax deficiency of $4,208.81. In addition, on February 14, 2005, the IRS notified Ms. Levy that she still owed money to the United States for back taxes for tax years 2001, 2002, and 2003.

On June 27, 2007, the IRS issued a notice of proposed removal to Ms. Levy. The notice stated two reasons for removing Ms. Levy. Reason I charged Ms. Levy with overstating deductions for tax years 2001 and 2002. Reason II charged Ms. Levy with failing to timely pay her income tax liability for 2001, 2002, and 2003. The notice then stated that, with respect to Reason I, Ms. Levy was being charged in the alternative with violating Section 1203(b)(9) of the Internal Revenue Service Restructuring and Reform Act of 1998 ("Restructuring and Reform Act"), Pub. L. No. 105-206, tit. I, § 1203, 112 Stat. 685, 720-21 (codified at 26 U.S.C. § 7804 note)[1], or with violating a provision of other laws, rules, or regulations.

On November 17, 2006, the IRS sustained the charges in the proposed removal and determined that removal was an appropriate penalty and that mitigation was not appropriate. Ms. Levy was removed from her position effective December 1, 2006. Ms. Levy appealed her removal to the Board.

After conducting a hearing, the administrative judge ("AJ") issued an initial decision on April 5, 2007, sustaining Ms. Levy's removal. The AJ found that the agency had established by a preponderance of the evidence the facts necessary to sustain both

---

[1] Section 1203(b)(9) of the Restructuring and Reform Act provides for the automatic termination of any employee of the IRS if there is a final administrative determination that the employee has willfully understated his income tax liability, unless there was reasonable cause for such understatement.

charges. The AJ found that the improper nature of the deductions taken on the 2001 and 2002 returns was readily apparent and noted that the 2002 deductions claimed totaled approximately 56% of the Levys' gross income for that year. The AJ also found that Ms. Levy "with reckless indifference" continued to use the tax preparer that had prepared her 2001 return after being informed that that return was being audited. Levy v. Dep't of Treasury, No. AT-0752-07-0221-I-1, at * 4 (M.S.P.B. April 5, 2007). The AJ also found that Ms. Levy failed to timely pay her tax returns for 2001, 2002, and 2003. The AJ held that Ms. Levy's removal clearly promoted the efficiency of the service because her failure to file timely accurate returns went to the heart of the mission of the IRS, her employer. The AJ concluded that the penalty of removal was well within the bounds of reasonableness. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 306-308 (1981).

Ms. Levy did not petition the full Board for review of the AJ's decision, and the initial decision thus became the final decision of the Board. Ms. Levy timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

On appeal Ms. Levy argues that "the MSPB failed to take into account that the tax preparer defrauded [her] [and] misled [her]." Pet'r Br. 1. However, we see no error in the Board's findings that Ms. Levy could not excuse her incorrect tax filing in 2002 by her reliance on the same tax preparer after the audit of her 2001 return had revealed substantial unsubstantiated deductions. Moreover, "[a]s a general rule, the duty of filing accurate returns cannot be avoided by placing responsibility on a tax return preparer." Metra Chem Corp. v. Comm'r, 88 T.C. 654, 662 (1987).

Ms. Levy also argues that "there were important grounds for mitigation" in this case. Pet'r Br. 1. The Board's determination that the penalty of removal was well within the bounds of reasonableness was supported by substantial evidence.

Accordingly, we affirm the Board's decision.

No costs.