NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3275

GLENN R. PIERCE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Glenn R. Pierce,  of Milton, Florida, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3275

GLENN R. PIERCE,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:    November 7, 2007

_____

Before LOURIE, DYK, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Glenn R. Pierce ("Mr. Pierce") appeals from the decision of the Merit Systems Protection Board (the "Board") in AT0752060723-I-1, affirming the decision of the Department of the Navy (the "agency") to remove him. We <u>affirm</u>.

## BACKGROUND

Prior to his removal, Mr. Pierce was employed by the agency as a Firefighter, GS-07, at the Naval Air Station, Whiting Field, in Milton, Florida. At the time of his removal, Mr. Pierce had approximately 26 years of federal service, including his prior military service, and had served with the agency for approximately 12 years. The agency's reasons for removing Mr. Pierce were set forth in two charges in a notice of proposed removal. Both charges asserted that Mr. Pierce engaged in disrespectful conduct toward a supervisor with respect to two separate incidents on December 15,

2005.[1]  The agency's first charge alleged that at approximately 7:40 on the morning of December 15, 2005, Mr. Pierce objected to duty assignments that had been posted by Captain Joseph Gibson.  The second charge alleged that while assigned to a special detail to participate in a holiday event on the base later the same day, Mr. Pierce complained to Captain Gibson at length about the wisdom of the assignment.  In each case, the charge alleged that Pierce's conduct toward Captain Gibson was disrespectful because it was loud and abrasive.

In a decision issued on May 2, 2006, the deciding official and executive officer of the Naval Air Station Pensacola, William B. Stewart, determined that the charges against Mr. Pierce were supported by the preponderance of the evidence and merited his removal.  On appeal, after a hearing before an administrative judge ("AJ"), the AJ affirmed.  The AJ noted that the evidence presented at the hearing as to the basis for the charges against Mr. Pierce was "confused and contradictory," and did not find that all of the facts recited in the charge against Mr. Pierce were supported by the conflicting evidence.  Pierce v. Dep't of the Navy, No. AT-0752-06-0723-I-I, at 3, 6 (M.S.P.B. Dec. 22, 2006).  The AJ found, however, that "even when sifting and weighing this tangled evidence in the light most favorable to [Mr. Pierce], and with special reference to the testimony of his own witnesses, who evidenced a strong motivation to interpret events on his behalf, it is plain that he engaged in disrespectful conduct on both occasions on December 15, 2005."  Id. at 6-7.

---

[1]  A third charge, alleging that Mr. Pierce engaged in inappropriate conduct with respect to a separate incident on December 15, 2005, was not sustained by the Board.

The AJ also rejected two retaliation defenses raised by Mr. Pierce, which alleged that Mr. Pierce's removal was in retaliation either for a grievance he filed relating to the agency's staffing and leave or for protected whistleblowing activity, including a letter he wrote to Congressman Jeff Miller and a series of reports Mr. Pierce made to the Air Force Civil Engineer Support Agency. The AJ found that, even assuming that the disclosures were protected, there was no evidence to establish any connection between Mr. Pierce's removal and the disclosures or the grievance. Finally, the AJ determined that in spite of Mr. Pierce's long record of federal service, removal was warranted because of a particular need for respect for authority among firefighters and because of Mr. Pierce's history of prior discipline for similar conduct.

The AJ's decision became the final decision of the Board upon denial of review. Mr. Pierce timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Mr. Pierce raises several arguments on appeal. First, Mr. Pierce challenges the one-week deadline for filing written arguments in lieu of closing argument set by the AJ, arguing that this time was insufficient to properly prepare his argument and that it did not allow him to obtain a transcript prior to drafting the written argument. This argument

is without merit. Mr. Pierce has not identified any right to a particular time to prepare such a submission after the close of evidence, or any right to have a transcript prepared in advance, neither of which would have been available if oral closing arguments had been presented.

Second, Mr. Pierce argues that the Board erred by failing to exclude or discount all of Captain Gibson's testimony, asserting that Captain Gibson's credibility is undercut because Captain Gibson asked Mr. Pierce to assist him with a carpentry project, which Mr. Pierce assumed to be an offer to protect Mr. Pierce from future discipline in exchange for the assistance. We reject this argument. It does not appear that the Board relied upon any testimony from Captain Gibson about Mr. Pierce's conduct on December 15, 2005, in reaching his conclusion that Mr. Pierce engaged in disrespectful conduct. Instead, the Board found from the testimony of Mr. Pierce's own witnesses that, whatever the specifics of Mr. Pierce's disagreements with Captain Gibson on December 15, 2005, Mr. Pierce's conduct in airing those disagreements was disrespectful because it became "loud and heated" and "combative, insulting, and abrasive." Pierce v. Dep't of the Navy, No. AT-0752-06-0723-I-I, at 7.

Third, Mr. Pierce contends that the Board's decision is not supported by substantial evidence. As noted earlier, Mr. Pierce's own witnesses described the disrespectful nature of his actions though supporting Mr. Pierce's version of the events in the particulars. The fact that a state administrative body, during the course of Florida unemployment compensation proceedings, found that "it was not shown that claimant [Mr. Pierce] was intentionally disrespectful to his superiors or that he acted inappropriately," Pierce v. Dep't of Defense, No. 2006-40378F, slip op. at 2 (Office of

Appeals, Fla. Agency for Workforce Innovation, Sept. 6, 2006), does not establish that the Board's contrary finding here lacks substantial evidence. Credibility determinations of the official who actually heard testimony, such as the AJ in this case, will not be set aside by this court unless the determination is "inherently improbable or discredited by undisputed evidence or physical fact." Gibson v. Dep't of Veterans Affairs, 160 F.3d 722, 725-26 (Fed. Cir. 1998).

Fourth, Mr. Pierce argues that the Board erred in concluding that disrespectful conduct toward a supervisor is particularly disruptive among firefighters who, like law enforcement employees, work in a context where "the safety of both co-workers and the public may often rest upon the maintenance of discipline, and the ready compliance with the chain of command." Pierce v. Dep't of the Navy, No. AT-0752-06-0723-I-I, at 10 (citing Bolton v. United States Dep't of Justice, 26 M.S.P.R. 658, 663 (1985), aff'd, 790 F.2d 93 (Fed. Cir. 1986)). Mr. Pierce argues that this standard could not be applied to him because it was not articulated in any official publication of the agency. There is no such requirement. Rather, the agency must prove, pursuant to 5 U.S.C. § 7513(a), that removal would "promote the efficiency of the service." In this case, the Board's finding of a special need to respect the chain of command was supported by substantial evidence.

Fifth, Mr. Pierce argues that the Board's reasoning in support of removal is predicated on an assumption that Captain Gibson was a supervisor and that this assumption is contrary to Bolton v. Merit Sys. Protection Bd., 154 F.3d 1313 (Fed. Cir. 1998), and was not supported by the evidence presented at the hearing. We disagree. Bolton's analysis of the statutory term "supervisor" has no bearing on this case,

because <u>Bolton</u> concerned the meaning of the term in the context of Board jurisdiction over appeals by supervisory employees of the United States Postal Service. <u>Id.</u> at 1316-17. In this case, the term supervisor is properly understood in the context of the firefighting chain of command, and there is no dispute that Mr. Pierce was assigned the rank of lieutenant on the day in question, which is lower than Captain Gibson's rank.

Sixth, Mr. Pierce asserts that the Board erred in excluding the testimony of Royce Johnson. Mr. Johnson was originally requested as a witness for the agency, but the agency withdrew its request to call Mr. Johnson as of the time of the prehearing conference. Mr. Pierce had requested the opportunity to call any witness listed by the government in his filings prior to the prehearing conference, and apparently requested an opportunity to call Mr. Johnson. The Board excluded Mr. Johnson's testimony.

Mr. Pierce asserts that if he had been allowed to call Mr. Johnson, his testimony would have assisted Mr. Pierce in establishing that Captain Gibson was not a supervisor and in establishing that the incidents upon which Mr. Pierce's removal was based were "routine every day occurrence[s] which [Mr. Pierce] reported to the appropriate supervisor as required." Petr.'s Br., "Continuation Block 5" (tab 4), at 1-2. Because Mr. Pierce has made no showing that he made any detailed proffer to the AJ as to the testimony Mr. Johnson would offer, there is no basis to conclude that the decision to exclude Mr. Johnson's testimony was an abuse of discretion.

Finally, Mr. Pierce contends that the Board erred in rejecting his affirmative defenses based on retaliation for protected whistleblowing and for having filed a grievance. The Board's determination that neither the alleged whistleblowing activity nor the grievance contributed to his removal was supported by substantial evidence.

Mr. Stewart testified that his decision to remove Mr. Pierce was not based on the fact that Mr. Pierce had filed a grievance or on the activities that Mr. Pierce alleges are protected whistleblowing activities.

For the reasons set forth above, the Board's decision is <u>affirmed</u>.

No costs.