**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TROY KELLEY,

      Appellant,

  v.

DEPARTMENT OF STATE,

      Agency.

DOCKET NUMBER
SF-4324-25-0236-I-1

DATE: June 11, 2026

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Troy Kelley</u>, Tacoma, Washington, pro se.

<u>Camille V'Estres</u>, <u>Marianne Perciaccante</u>, Esquire,
   and <u>Michael E. Yohannan</u>, Esquire, Washington, D.C., for the agency.

<u>Gerard E. Riddick</u>, Clarksburg, Maryland, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

In October 2024, the appellant filed a USERRA appeal alleging that he is a preference-eligible veteran and that the agency discriminated against him on the basis of his uniformed military service when it did not select him for a Foreign Service Office Management Specialist position advertised in job announcement number OMS-2023-0002. Initial Appeal File (IAF), Tab 1 at 1-5, Tab 5 at 74-83. The appellant requested a hearing. IAF, Tab 1 at 1. The administrative judge issued an order informing him of his jurisdictional burden and proof requirements and directed him to submit evidence and argument amounting to a nonfrivolous allegation of jurisdiction. IAF, Tab 2 at 3-8. In response, the appellant alleged that the agency's most senior examiner treated him in a more hostile manner than she treated the other candidates, and that the agency withdrew its conditional offer of appointment shortly after he submitted his veterans' preference document. IAF, Tab 3 at 4-5.

In the initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not nonfrivolously allege that his uniformed service was a substantial or motivating factor in his nonselection. IAF, Tab 10, Initial Decision (ID) at 15. The appellant has filed a petition for review, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

The Board has adopted, and the U.S. Court of Appeals for the Federal Circuit has endorsed, a "liberal approach in determining whether jurisdiction exists under USERRA." *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484-85 (Fed. Cir. 1998); *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014). Under this approach, the relative weakness of the specific factual

allegations initially made by an appellant in his USERRA claim should not serve as the basis for dismissing the appeal for lack of jurisdiction; rather, if he fails to develop those allegations, his USERRA claim should be denied on the merits. *Beck*, 120 M.S.P.R. 504, ¶ 8. Thus, to establish jurisdiction over his USERRA claim, the appellant need only allege the following: (1) he served in the military; (2) he was denied initial employment, reemployment, retention in employment, promotion, or a benefit of employment; and (3) the denial was due to his service in the military. *Id.*

Applying the Board's liberal approach in USERRA appeals, we find that the appellant's allegations that the agency denied him initial employment based on his status as a veteran are sufficient to establish jurisdiction over his USERRA appeal. *See id.*; *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010) (finding that, although the appellant's allegations were vague and lacked specificity, he established jurisdiction by alleging that the agency was aware of his prior uniformed service and denied him employment because of it, and denied him a benefit of employment when it withdrew funds from his civil service retirement account). In finding that the appellant failed to establish jurisdiction, the administrative judge noted, among other things, that the agency was aware of the appellant's military status when it extended the conditional offer of employment and that it appears to have had strong grounds for rescinding that offer that are unrelated to the appellant's uniformed service. ID at 9. However sound the administrative judge's reasoning may have been, we find that it goes to the relative weakness of the appellant's specific factual allegations, not to whether he has established Board jurisdiction. *See Beck*, 120 M.S.P.R. 504, ¶ 8.

An appellant who establishes jurisdiction over a USERRA appeal has an unconditional right to a hearing if he requests one. *Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007) (en banc); *Searcy*, 115 M.S.P.R. 260, ¶ 7. Because the appellant requested a hearing and made sufficient

allegations under the liberal pleading standard applied in USERRA cases to establish jurisdiction, we remand the appeal for a hearing on his USERRA claim.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.