NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3237

JIMMY R. BARKALOW,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED:    October 5, 2006

_____

Before RADER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and DYK <u>Circuit Judge</u>.

PER CURIAM.

Jimmy R. Barkalow seeks review of a decision of the Merit Systems Protection Board ("Board"), which denied his request for corrective action regarding his nonselection for the position of Administrative Law Judge ("ALJ").  We <u>affirm</u>.

## BACKGROUND

Petitioner, a veteran of the Vietnam war, is eligible for preferential status under the Veterans Employment Opportunity Act of 1998 ("VEOA").  In September 2004, the Office of Personnel Management (OPM) certified over 400 candidates eligible for veterans' preference, including petitioner, to the Social Security Administration (SSA), to be considered for employment as ALJs.  OPM assigned numerical scores to candidates, and petitioner received a score of 95.5, which included veterans' preference points.  The SSA asked candidates eligible for employment to indicate the cities in

which they would accept an appointment, and Mr. Barkalow indicated 15 cities. Mr. Barkalow was interviewed by a panel and rated "not recommended." This rating did not preclude him from receiving an offer. The agency then filled positions by considering the three highest ranking candidates who were certified by OPM as "eligible" for employment; who were available; and who had indicated they would accept appointment in the city where the position was located. We note that "preference eligibles" are those candidates eligible for veterans' preference under the VEOA, whereas "eligibles" as used in the regulations refers to candidates certified by OPM as eligible for employment. Petitioner was considered for three positions, in Fort Lauderdale, Florida, Shreveport, Louisiana, and San Antonio, Texas, all cities where he indicated he would accept employment. He was not selected to fill any of those positions. The agency did not consider petitioner for any other positions.

Petitioner appealed his nonselection to the Department of Labor, pursuant to 5 U.S.C. § 3330a(a)(1)(a). After the Department of Labor rejected his appeal, petitioner timely appealed to the Board, which found that petitioner made non-frivolous allegations and that it had jurisdiction. On the merits, the Administrative Judge found that there were no material facts in dispute and declined to hold a hearing. The Administrative Judge held that the SSA had not violated the veterans' preference requirements and denied relief. The full Board denied review. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained

2006-3237

2

without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). The interpretation of a regulation is a question of law which we review without deference. Lengerich v. Dep't of Interior, 454 F.3d 1367, 1370 (Fed. Cir. 2006).

Petitioner first argues that the SSA was required to consider candidates in strict rank order when filling vacancies, according to their OPM scores, and that its failure to do so (by considering only candidates who had indicated a willingness to serve in a particular city) violated the requirement of selecting a candidate eligible for employment from "the highest three eligibles . . . who are available for appointment." 5 C.F.R. § 332.404.[1] The Board found that the SSA met that requirement because the regulation does not address which vacancies the agency must fill first, but only the order of consideration of candidates for a given vacancy. The Board held that the SSA's interpretation of "available for appointment" to include only those candidates who had indicated they were willing to work in the particular city where the vacancy arose was reasonable. We see no error in the Board's interpretation of the term "available for appointment."

---

[1] 5 C.F.R. § 332.404, in its entirety, provides:
> An appointing officer, with sole regard to merit and fitness, shall select an eligible for:
> (a) The first vacancy from the highest three eligibles on the certificate who are available for appointment; and
> (b) The second and each succeeding vacancy from the highest three eligibles on the certificate who are unselected and available for appointment.

2006-3237

3

Petitioner next argues that the SSA violated the "Rule of Three" of 5 C.F.R. § 332.405 when it considered several candidates who were not eligible for veterans' preference more than three times, but gave only three considerations to candidates who were eligible for veterans' preference.[2] However, the regulation only requires that each candidate eligible for employment be considered three times, and does not forbid consideration of a candidate eligible for employment more than three times. The Board found that petitioner was given the requisite three considerations to satisfy the requirements of 5 C.F.R. § 332.405, as he was considered for positions in Fort Lauderdale, Shreveport and San Antonio. The Board's finding in this respect did not misconstrue the regulation and was not arbitrary or capricious.

Finally, petitioner asserts that the SSA "manipulated the selection sequence for ALJ positions to eliminate him and other higher ranking veterans in order to reach candidates with lower scores that more closely fit its undisclosed criteria." Petitioner does not explain his contention or provide evidence to support it. He points to the ratio of positions filled by those eligible for veterans' preference and those not eligible for such preference, but these statistics do not support his claim of manipulation. Petitioner also does not claim that the SSA discriminated against him based on his uniformed service under the Uniformed Services Employment and Reemployment Rights Act of 1994. Under these circumstances, the Board did not err in rejecting his claim.

We conclude that petitioner has failed to prove that the Board violated the requirements in the regulations or otherwise erred.

---

[2] 5 C.F.R. § 332.405 provides: "An appointing officer is not required to consider an eligible who has been considered by him for three separate appointments from the same or different certificates for the same position."

Accordingly, we affirm the Board's decision.

No costs.

2006-3237