NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3110

FELICIANA T. REYMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Feliciana T. Reyman, of Zambales, Philippines, pro se.

David M. Hibey, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3110

FELICIANA T. REYMAN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:    June 7, 2007

_____

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Feliciana Reyman ("Feliciana") appeals from the decision of the Merit Systems Protection Board ("Board") in SF-0831-06-0491-I-1, dismissing her appeal of a decision by the Office of Personnel Management ("OPM") denying her request for an increased annuity.  We affirm.

BACKGROUND

Hilarion D. Reyman ("Hilarion") worked as an Excepted Service Shipfitter for the Department of the Navy in Subic Bay, Philippines.  On August 8, 1975, he was separated from federal service through a disability retirement because he was physically incapable of performing the duties of his position.  The Standard Form ("SF") 50 for this action noted that his retirement was not a civil service retirement but instead was a retirement pursuant to the "other" category and that he was entitled to thirty-two

months of retirement pay under a collective bargaining agreement. On January 5, 1978, Hilarion turned 62 and began receiving a deferred annuity from OPM, which eventually became $51 per month. Although the record is not entirely clear, the Board found that this annuity was the result of Hilarion's earlier service at a naval facility in Cavite, Phillipines between 1941 and 1945 rather than from his work as a shipfitter at Subic Bay. Hilarion died on September 2, 1983.

On September 15, 1997, Feliciana, Hilarion's surviving widow, requested that OPM adjust Hilarion's annuity because it was below the guaranteed minimum annuity of $93.60 to which she claimed Hilarion was entitled.[1] In an initial decision issued on August 8, 2000, OPM denied Feliciana's request because Hilarion had received "a recurring monthly benefit from another Federal or District of Columbia government source when he was eligible to apply for minimum annuity benefits," and "[t]he amount of that benefit c[ould] not be verified . . . to determine whether it exceeded the amount permitted to qualify for the minimum Civil Service benefit." Resp. App. at 9. Feliciana requested reconsideration of this decision on January 7, 2001, but OPM dismissed her request for failure to comply with the 30 day time limit for seeking reconsideration. Feliciana appealed to the Board, and in an initial decision, the Administrative Judge ("AJ") affirmed OPM's reconsideration decision, concluding that her request for reconsideration was almost five months after the initial decision and rejecting her

---

[1] Under Public Law No. 93-273, enacted April 26, 1974, "the monthly rate of annuity . . . shall not be less than the smallest primary insurance amount, including any cost-of-living increase added to that amount, authorized to be paid from time to time under Title II of the Social Security Act." This provision was repealed by Pub. L. No. 99-251 § 305(a) (February 27, 1986).

2007-3110

argument that OPM generally waived the 30 day time limit for residents of the Philippines.[2]

Feliciana filed a petition for review before the full Board. In response to the Board's request for evidence on the timeliness of Feliciana's OPM reconsideration request, OPM determined on October 10, 2002, that Hilarion was in fact entitled to the guaranteed minimum annuity rate and requested that the Board dismiss the petition for review as moot and refer the case to an OPM settlement attorney. In light of OPM's decision to grant Hilarion the guaranteed minimum annuity rate, Feliciana withdrew her petition for review to the full Board on January 16, 2003. The Board accordingly dismissed her petition for review and adopted the initial decision of the AJ as the Board's final decision.

On October 28, 2002, while the matter was pending before the Board, and after OPM agreed to pay Feliciana the guaranteed minimum annuity retroactive to the date when Hilarion turned 62, Feliciana requested that OPM grant her husband an annuity payable earlier than the date of his 62nd birthday. On August 16, 2004, OPM issued an initial decision rejecting her request, and Feliciana timely sought reconsideration, claiming that Hilarion was entitled to an annuity immediately upon retirement. In its final decision, OPM ruled that the doctrine of res judicata barred her request because she could have brought this claim as part of her request for the guaranteed minimum

---

[2] Under 5 C.F.R. § 831.110, an individual can only appeal "final decision[s]" of OPM to the Board. 5 C.F.R. § 831.109(f)(1) defines OPM final decisions as decisions after reconsideration. Thus, Feliciana's failure to seek reconsideration within the 30 day time limit prevented her from raising the merits of her claim before the Board, and she was limited to challenging OPM's decision that her request for reconsideration was untimely.

2007-3110

3

annuity amount. Feliciana appealed to the Board, and the AJ ordered her to show cause as to why her appeal should not be dismissed as barred by res judicata. On July 28, 2006, the AJ issued his initial decision dismissing Feliciana's appeal as barred by res judicata. The full Board denied Feliciana's petition for review on December 14, 2006, and the AJ's initial decision became the final decision of the Board.

Feliciana timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Feliciana argues that the Board erred in applying res judicata and instead should have decided her claim on the merits "because the issue had not been fully litigated." Informal Br. of Petitioner at 2. Feliciana seems to confuse res judicata (claim preclusion) with collateral estoppel (issue preclusion). A prerequisite to the application of collateral estoppel is that the issue was actually litigated in the prior case. See Thomas v. Gen. Serv. Admin., 794 F.2d 661, 664 (Fed. Cir. 1986). By contrast, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (emphasis added). Thus, application of res judicata

2007-3110

4

only requires: (1) a final judgment on the merits; (2) the same parties or their privies; and (3) an issue that could have been raised in the prior proceeding.

There is no dispute that the parties involved in this appeal—Feliciana and OPM—are the same as were involved in the prior action involving the guaranteed minimum annuity. Moreover, OPM issued a decision on the merits regarding Feliciana's claim to the guaranteed minimum annuity, and the Board affirmed. Finally, there is no reason why Feliciana could not have raised her claim with OPM for an annuity payable immediately from the date of retirement at the same time that she raised her claim to the guaranteed minimum annuity. Both claims relate to the same cause of action—the appropriate amount of Hilarion's annuity—even though they are based on different legal theories. See Alyeska Pipeline Serv. Co. v. United States, 688 F.2d 765, 769 (Ct. Cl. 1982) ("[C]laim splitting cannot be justified on the ground that the two actions are based on different legal theories."). Although Feliciana belatedly raised the claim of an immediately payable annuity with OPM after it agreed to pay her the guaranteed minimum annuity, she failed to do so in the original OPM proceedings. The Board therefore properly concluded that this claim was barred by res judicata. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 107 (1991) ("When an administrative agency is acting in a judicial capacity . . . the courts have not hesitated to apply res judicata to enforce repose." (quoting United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422 (1966)) (emphasis in original)).

No costs.