NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3114

WILLIAM D. LYNCH,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

William D. Lynch, pro se.

John S. Groat, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief was Captain Jessica L. Bossi, Office of the Staff Judge Advocate, United States Department of the Army, of Fort Sam Houston, Texas.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3114

WILLIAM D. LYNCH,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:    June 12, 2007

_____

Before MICHEL, <u>Chief Judge</u>, MAYER and DYK, <u>Circuit Judges</u>.

PER CURIAM.

William D. Lynch ("Lynch") appeals from the decision of the Merit Systems Protection Board ("Board") in DE-3443-06-0256-I-1, denying his request for corrective action under the Veterans Employment Opportunities Act ("VEOA"). Because Lynch was denied procedural protections he was entitled to under veterans' preference statutes, we <u>reverse and remand</u>.

BACKGROUND

The Department of the Army ("Army") issued a vacancy announcement for the position of Supervisory Budget Analyst, Naval Station, Guantanamo Bay, Cuba ("Guantanamo Bay"). The "Qualifications" section of the vacancy announcement noted that: (1) "[a]ll [e]mployee [sic] and [f]amily members are required to have medical clearance"; (2) "[i]ncumbent and family members are required to live in housing

provided on installation; and (3) "[l]imited [m]edical [c]are [is] available."  Resp. App. 20-21.  The Army was a "tenant organization" of the Naval Station, Guantanamo Bay (i.e., the Navy rather than the Army operated the facility), and these qualifications were consistent with the Naval Station's policies.  Since Guantanamo Bay is "isolated, geographically and politically, in a communist country," base residency was a necessity for any position at the installation.  Id. at 23.  Likewise, given the limited medical care available at Guantanamo Bay, all residents of the base must be "medically fit" with exceptions granted in the "sole discretion" of the Commanding Officer of Guantanamo Bay.  Id. at 2.

Lynch applied for the Supervisory Budget Analyst position at Guantanamo Bay as a ten point 30% disabled preference eligible veteran.  The Army made a tentative job offer to Lynch in early July 2005, which stated under the heading "Physical Requirement": "YES [medical clearance for family members, limited medical care available]."  Id. at 3.  Lynch and his family underwent medical screenings between August 2005 and November 2005, and it was discovered that Lynch suffered from hematuria (blood in the urine) and hypertension.  On December 21, 2005, the Army withdrew Lynch's tentative job offer because the Commanding Officer of Guantanamo Bay, after reviewing Lynch's medical records, determined that he was not medically suitable for employment at the facility.  The vacancy announcement was later cancelled and, according to the agency, the position has not been filled.

Pursuant to the VEOA, Lynch filed a complaint with the Secretary of Labor claiming that the Army had violated his veterans' preference rights.  5 U.S.C. § 3330a(a).  The Department of Labor determined that his claim lacked merit because

the Army was required to comply with the policies of Guantanamo Bay. Lynch appealed to the Board under the VEOA. 5 U.S.C. § 3330a(d). The Administrative Judge ("AJ") denied his request for corrective action, concluding that the VEOA guarantees a preference eligible only the opportunity to compete for a position and that Lynch "ha[d] identified no veterans' preference statute or regulation which precludes an agency from withdrawing a job commitment offer because an applicant is not medically cleared for employment at a remote overseas location." Lynch v. Dep't of Army, No. DE-3443-06-0256, slip op. at 6-7 (M.S.P.B. Aug. 10, 2006) ("Board Decision"). The full Board denied Lynch's petition for review, and the AJ's initial decision became the final decision of the Board.

Lynch timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

I

Lynch argues that the Army violated his veterans' preference rights under 5 U.S.C. 3312(a) and (b). Section 3312(a) provides that the Office of Personnel Management or other examining agency, "[i]n determining qualifications of a preference eligible for examination for, appointment in, or reinstatement in the competitive service,"

shall waive physical requirements if it determines that the preference eligible is physically able to perform efficiently the duties of the position. Section 3312(b) provides:

> If an examining agency determines that . . . a preference eligible . . . who has a compensable service-connected disability of 30 percent or more is not able to fulfill the physical requirements of the position, <u>the examining agency shall notify the Office of the determination</u> and . . . before the selection of any other person for the position, <u>[the Office] shall make a final determination on the physical ability of the preference eligible to perform the duties of the position</u>. . . . <u>The appointing authority shall comply with the findings of the Office</u>.

(emphases added).

There is no dispute in this case that Lynch is a preference eligible with a service-connected disability of 30%. Likewise, it is undisputed that Lynch's tentative job offer was withdrawn because he failed to satisfy the physical requirements for Guantanamo Bay. Finally, it is undisputed that the Army did not comply with the requirements of 5 U.S.C. § 3312(b).

The Army admits that the Board appeared to have erred when it ignored the fact that Lynch was 30% disabled and thus subject to the requirements of § 3312(b), but the Army claims this error was harmless because it did not affect the outcome. The Army argues that, while § 3312(b) requires it to notify OPM if it determines that a preference eligible is unable to meet the physical requirements of the <u>position</u>, it only determined that Lynch was unable to fulfill the physical requirements of the <u>duty location</u>. The Army also argues that there are no physical requirements for the <u>position</u> of Supervisory Budget Analyst.

The government's theory presents us with a question of statutory interpretation—whether § 3312(b)'s reference to "the physical requirements of the position" refers solely to the physical requirements inherent in the job itself or whether it includes physical requirements resulting from the location of the job. The government has pointed to no language in the statute, regulations, or legislative history that supports its limited interpretation. Nor have we found any. The term "position" is not defined in the statute for purposes of § 3312, and the regulations that address this statutory provision do not shed any light on the question before us. See 5 C.F.R. §§ 302.202, 302.403, & 351.702. The only mention of this provision in the committee reports accompanying the enactment of this provision basically mirrors the statutory language. See H.R. Conf. Rep. No. 95-1717, reprinted in 1978 U.S.C.C.A.N. 2860, 2877. We see no reason under the statute to distinguish between physical requirements inherent in the job itself and physical requirements that result from the location of the job. These are both "physical requirements of the position."

The Army's proposed definition of "position" is not only lacking support in the statutory language. It is also overly technical and inconsistent with the documentary record in this case. It is undisputed that the Army refused to appoint Lynch to the position for which he applied—Supervisory Budget Analyst at Guantanamo Bay—because he failed to satisfy physical requirements (i.e., medical clearance). The Army listed "medical clearance" as a "qualification" for the job in the vacancy announcement. Similarly, on the "commit sheet" generated as part of Lynch's tentative job offer, the Army indicated that "medical clearance" was a "Physical Requirement" of the job.

2007-3114

Finally, even on appeal, the army refers to the "position" involved in this case as "Supervisory Budget Analyst, Naval Station, Guantanamo Bay, Cuba," suggesting that any physical requirements for stationing at Guantanamo Bay are part of the physical requirements of the "position." See Informal Br. of Resp. at 2.

The Army expresses concern that compliance with Lynch's veterans' preference rights will violate its obligations as a "tenant organization" at Guantanamo Bay. However, this determination is ultimately entrusted by Congress to OPM, not the Army, and we are confident that OPM would consider all relevant factors. Thus, we conclude that the Army violated Lynch's veterans' preference rights when it withdrew his tentative job offer, without notifying OPM, because he failed to satisfy the physical requirements of the position. Instead, the Army should have referred the matter to OPM pursuant to the requirements of 5 U.S.C. § 3312(b). We reverse the Board's decision and remand to the Board for further proceedings consistent with this opinion.

No costs.