NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DENISE L. ROBINSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3176

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-0580-I-1.

---

Decided: January 13, 2015

---

DENISE L. ROBINSON, of Fredericksburg, Virginia, pro se.

KATHERINE M. SMITH, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before WALLACH, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Denise Robinson petitions for review of the final decision of the Merit Systems Protection Board (Board) adopting the initial decision of the administrative judge (AJ) as the Board's final decision. The AJ dismissed Ms. Robinson's appeal for lack of jurisdiction because Ms. Robinson failed to make non-frivolous allegations that her resignation, made pursuant to a voluntary settlement agreement, was the product of coercion, duress, or misrepresentation. Because we agree that the Board lacks jurisdiction, we affirm.

BACKGROUND

Ms. Robinson worked for the Department of the Interior in the National Park Service (Agency) as a Human Resources Assistant. On March 7, 2007, she and the Agency entered into an equal employment opportunity (EEO) resolution agreement resolving a discrimination complaint she had filed against the Agency. The Agency agreed to reassign Ms. Robinson from her position in Washington, District of Columbia, to the Mather Training Center in Harpers Ferry, West Virginia. Ms. Robinson in turn agreed to withdraw her complaint and to resign from her position at the Agency no later than March 13, 2009.

On May 10, 2013, Ms. Robinson filed an appeal with the Board contending that the Agency wrongly forced her to resign from service. In doing so, she registered as an e-filer with the Board's e-Appeal system. She contended that the Agency failed to honor its obligations under the settlement agreement and refused to accept her multiple attempts to rescind her agreement to resign.

On May 15, 2013, the AJ electronically issued an acknowledgement order advising Ms. Robinson that resignation actions are presumed to be voluntary and thus, not within the Board's jurisdiction. The AJ advised Ms. Robinson that her appeal would be dismissed unless

she amended her petition to allege that the resignation was in effect involuntary due to duress, coercion, or misrepresentation by the Agency. The AJ ordered Ms. Robinson to file such evidence and argument by May 30, 2013, 15 calendar days from the date of the order.

On May 24, 2013, Ms. Robinson submitted two documents to the Board: a SF-50 Notification of Personnel Action which states that she voluntarily resigned; and a final agency decision dated August 6, 2008, which stated that the Agency had complied with the terms of the settlement agreement. The Agency filed a motion to dismiss and provided a copy of the resolution agreement.

On June 14, 2013, the AJ issued its Initial Decision granting the Agency's motion. The AJ held that the Board lacked jurisdiction over Ms. Robinson's action in part because Ms. Robinson failed to raise a non-frivolous allegation that her resignation was involuntary. The AJ noted that the evidence of record stated her resignation was voluntary, and found that Ms. Robinson did not assert that her resignation was the product of coercion, duress or misrepresentation on the part of the Agency.

Ms. Robinson filed a petition for review with the Board on June 25, 2013, arguing for the first time that Agency representatives obtained her assent to the resolution agreement through misrepresentation and coercion. She submitted argument and evidence contending that the Agency fraudulently obtained her resignation by claiming it would otherwise refuse to reassign her and that the agreement was void because the agency breached its terms, thus voiding her obligation to resign.

Ms. Robinson contended that these arguments had not been submitted before the record closed because she was unaware of the AJ's order and deadline to submit evidence and argument. She alleged that when she attempted to access the May 15, 2013, acknowledgement order on the e-Appeal system, she was met with a mes-

sage that it was "temporarily unavailable." Accordingly, she contended that her May 24, 2013, submission of documents was made to complete her appeal, and not in response to the acknowledgement order. She also contended that on June 11, 2013, she called the Northeastern Regional office (where she filed her appeal) to inquire about the status of her case and was informed for the first time that her case had been transferred. She then called the Washington Regional Office (where her appeal was docketed after transfer) to confirm her case had been transferred.

The Board denied Ms. Robinson's petition for review. In affirming the AJ's decision, the Board declined to consider Ms. Robinson's new arguments regarding the involuntariness of her resignation. Because the arguments were not previously presented to the AJ, the Board stated it would not consider them absent a showing that they were based on new and material evidence not previously available despite the party's due diligence, citing *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980), *Avansino v. U.S. Postal Serv.*, 3 M.S.P.R. 211, 214 (1980), and 5 C.F.R. § 1201.115(d). The Board found that Ms. Robinson's new evidence significantly predated her appeal. The Board also found unavailing Ms. Robinson's explanation for the untimeliness of her new arguments. The Board noted that as an e-filer, Ms. Robinson was obligated to monitor her case through the Board's electronic filing system to ensure she received all related documents. The Board acknowledged that while Ms. Robinson may have contacted two regional offices while her appeal was pending, she did not request assistance with the e-Appeal system or otherwise inform the regional offices of her problem viewing the acknowledgement order. Ms. Robinson now appeals to this Court.

DISCUSSION

Our review of a decision of the Board is limited. A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Dickey v. Office of Personnel Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005). We review the question of whether the Board has jurisdiction over an appeal *de novo*. *Yates v. Merit Sys. Protection Bd.*, 145 F.3d 1480, 1483 (Fed. Cir. 1998). The employee bears the burden of proving jurisdiction by a preponderance of the evidence. *Id.* (citing 5 C.F.R. § 1201.56(a)(2)).

An employee resignation is presumed to be voluntary, and an employee who voluntarily retires has no right of appeal to the Board. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1123-24 (Fed. Cir. 1996). The Board does have jurisdiction, however, if an employee shows that his resignation was involuntary and thus tantamount to a removal. *See Cruz v. Dep't of Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) ("[A]n involuntary resignation [is] deemed a 'constructive removal.'"). To be entitled to a hearing on whether the Board has jurisdiction in an involuntary resignation case, an employee first must make a "nonfrivolous allegation [as to involuntariness] that, if proved, would establish Board jurisdiction." *Staats*, 99 F.3d at 1125.

As a preliminary matter, Ms. Robinson agreed to accept electronic service when she registered as an e-filer with the Board. *See* 5 C.F.R. § 1201.14(e). Accordingly, she is deemed to have received the acknowledgement order the day it was issued, May 15, 2013. 5 C.F.R. § 1201.14(m)(2); *see Rivera v. Soc. Sec. Admin.*, 111 M.S.P.R. 581, 584 (2009). When a statute or regulation "deems" something to be done or to have been done, the

event is considered to have occurred whether or not it actually did. *Maurer v. Office of Personnel Mgmt,* 84 M.S.P.R. 156, ¶ 12 (1999), *aff'd,* 236 F.3d 1352 (Fed. Cir. 2001). Thus, as a matter of law, Ms. Robinson was served with the acknowledgement order on May 15, 2013.

Ms. Robinson first contends the Board decision should be reversed because the Board failed to promptly notify her that her case had been transferred to a different regional office, which led to her having missed the deadline in the acknowledgement order. Specifically, Ms. Robinson contends that had she known about the transfer, she would have had the opportunity to contact the Washington Regional Office in time to ascertain the status of her case and timely submit her new arguments.

We find this argument unpersuasive. Ms. Robinson has not explained how any relationship exists between the transfer of her case and her ability to access the acknowledgement order on the e-Appeal system. Moreover, Ms. Robinson did not contact either regional office about her appeal until June 11, 2013, nearly one month after the acknowledgement order was issued and more than ten days after the AJ's deadline.

Second, Ms. Robinson claims she acted diligently in attempting to access the acknowledgement order as evidenced by her phone calls to the two regional offices. But even assuming that Ms. Robinson informed the regional offices about her difficulty accessing the document in the phone calls on June 11, 2013, which she claims for the first time here, she has offered no explanation for her nearly month-long delay in contacting the Board about the order. Nor has Ms. Robinson explained why she did not make subsequent attempts to access the acknowledgement order online given the error message she received told her the system was merely "temporarily unavailable." We thus find the Board did not abuse its discretion by refusing to consider Ms. Robinson's argu-

ments and evidence submitted for the first time with her petition for review. 5 C.F.R. § 1201.115(d); *Banks*, 4 M.S.P.R. at 271; *Avansino*, 3 M.S.P.R. at 214.

Finally, Ms. Robinson argues that the Board applied a disproportionate sanction by dismissing her appeal for failure to prosecute. She argues that dismissal is not warranted for a single failure to comply with a Board order—here, the May 15, 2013, acknowledgement order. This argument is misplaced, as the AJ did not dismiss her appeal for failure to prosecute but rather for a lack of jurisdiction. The Board then refused to consider her new arguments and evidence not as a sanction, but because Ms. Robinson did not show her new arguments and evidence could not have been submitted before the AJ despite her due diligence.

## CONCLUSION

We conclude that the Board was within its discretion to refuse to consider Ms. Robinson's arguments and evidence that had not initially been presented to the AJ. We also agree with the Board that Ms. Robinson failed to carry her burden of establishing the Board's jurisdiction and thus affirm.

**AFFIRMED**

## COSTS

Each party shall bear its own costs.