## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC WILLIAMS,
             Appellant,

        v.

DEPARTMENT OF THE NAVY,
             Agency.

DOCKET NUMBER
AT-4324-16-0662-I-1

DATE: August 25, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Eric Williams, North Charleston, South Carolina, pro se.

Kristin A. Martin, Norfolk, Virginia, for the agency.

Mary Kate DeMane, Portsmouth, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

¶2     In July 2016, the appellant filed a USERRA appeal alleging that he is a 30% disabled veteran and that the agency discriminated against him on the basis of his uniformed military service when it did not select him for the GS-9/11 Contract Specialist position advertised under vacancy ID 1460254 (job announcement number EA51102-12-1460254LZ122318D).[2]  Initial Appeal File (IAF), Tab 1 at 1-5.  The appellant requested a hearing.  *Id.* at 1.  The administrative judge issued an order informing the appellant of his jurisdictional burden and proof requirements and directed him to submit evidence and argument amounting to a nonfrivolous allegation of jurisdiction.  IAF, Tab 3 at 2-5, 7.  In response, the appellant alleged that the agency took the following improper actions, which led to his nonselection, because of his status as a veteran:  (1) violated the pass over provisions of 5 U.S.C. § 3318(b); (2) failed to give appropriate consideration to his disability rating; (3) violated his veterans' preference rights under the category rating procedures; (4) inappropriately used Expedited Hiring Authority to make its selections for the Contract Specialist position; (5) failed to properly rate and rank his application; (6) failed to credit him with all valuable experience for the position; (7) failed to properly advertise the position; (8) denied him the opportunity to compete for the position; and (9) committed other procedural irregularities.  IAF, Tabs 6, 8.

---

[2] The appellant also has challenged this nonselection in two separate appeals before the Board under the Veterans Employment Opportunities Act of 1998.  In *Williams v. Department of the Navy*, MSPB Docket No. AT-3330-16-0663-I-1, Initial Decision (Aug. 4, 2016), the administrative judge dismissed the appeal for lack of jurisdiction.  The initial decision became the final decision of the Board when neither party petitioned for review.  In *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-B-1, on remand the administrative judge denied the appellant's request for corrective action, and the Board denied the appellant's petition for review of the remand initial decision.  *Williams v. Department of the Navy*, MSPB Docket No. DC-3330-16-0292-B-1, Final Order (Aug. 25, 2022).

¶3     In the initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make more than bare allegations that his rights under USERRA were violated and instead merely catalogued how he believed his veterans' preference rights were violated.  IAF, Tab 10, Initial Decision (ID).

¶4     The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.

¶5     Two types of cases arise under USERRA:  (1) reemployment cases, in which the appellant claims that an agency has not met its obligations under 38 U.S.C. §§ 4312-4318 following the appellant's absence from civilian employment to perform uniformed service; and (2) "discrimination" cases, in which the appellant claims that an agency has taken an action prohibited by 38 U.S.C. § 4311(a) or (b).  *Clavin v. U.S. Postal Service*, 99 M.S.P.R. 619, ¶ 5 (2005).  The Board has adopted, and the U.S. Court of Appeals for the Federal Circuit has endorsed, a "liberal approach in determining whether jurisdiction exists under USERRA."  *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998); *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014).  Under this approach, the relative weakness of the specific factual allegations initially made by an appellant in his USERRA claim should not serve as the basis for dismissing the appeal for lack of jurisdiction; rather, if he fails to develop those allegations, his USERRA claim should be denied on the merits. *Beck*, 120 M.S.P.R. 504, ¶ 8.  Thus, to establish jurisdiction over his USERRA claim, the appellant need only allege the following:  (1) he served in the military; (2) he was denied initial employment, reemployment, retention in employment, promotion, or a benefit of employment; and (3) the denial was due to his service in the military.  *Id.*

¶6     As noted above, the administrative judge found that the appellant failed to establish Board jurisdiction over his USERRA claim.  ID at 3.  However, in light of the liberal pleading standard applied in such cases, we find that the appellant's

contentions that the agency denied him initial employment on the basis of his status as a veteran are sufficient to establish jurisdiction over his USERRA appeal. *See Beck*, 120 M.S.P.R. 504, ¶ 8; *Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010) (finding that, although the appellant's allegations were vague and lacked specificity, he established jurisdiction by alleging that the agency was aware of his prior uniformed service and denied him employment because of it, and denied him a benefit of employment when it withdrew funds from his civil service retirement account).

¶7      An appellant who establishes jurisdiction over a USERRA appeal has an unconditional right to a hearing if he requests one. *Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007); *Searcy*, 115 M.S.P.R. 260, ¶ 7. Because the appellant requested a hearing and made sufficient allegations under the liberal pleading standard applied in USERRA cases to establish jurisdiction, we remand the appeal for a hearing on his USERRA claim.

**ORDER**

¶8      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.