**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAYMOND R. SAUCIER,
        Appellant,

      v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
PH-0752-18-0026-I-2

DATE: March 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James G. Noucas, Jr.</u>, Esquire, Portsmouth, New Hampshire, for the appellant.

<u>Scott W. Flood</u>, Esquire, Portsmouth, New Hampshire, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA). For the reasons discussed below, we DENY the appellant's petition for review. Regarding the appellant's USERRA claim as it relates to his indefinite suspension based on his

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

loss of access to classified information, we AFFIRM the initial decision AS MODIFIED to change the disposition from a dismissal for lack of jurisdiction to a denial of his request for corrective action. In addition, we address a different claim that the appellant raised as a violation of his rights under USERRA and FORWARD that claim to the Northeastern Regional Office for docketing as a new USERRA appeal.

## BACKGROUND

On October 16, 2017, the appellant filed an appeal challenging the agency's action in indefinitely suspending him from his position as a GS-12 Information Technology Specialist, effective April 13, 2017, based on his loss of his access to classified information. *Saucier v. Department of the Navy*, MSPB Docket No. PH-0752-18-0026-I-1, Initial Appeal File (IAF), Tab 1. During adjudication of that appeal, the administrative judge joined this appeal with one of the appellant's pending appeals, which raised other issues regarding his indefinite suspension, *Saucier v. Department of the Navy*, MSPB Docket No. PH-0752-17-0288-I-1. IAF, Tab 5.

On June 8, 2018, the appellant submitted as part of that appeal a new appeal form in which he raised a claim of USERRA discrimination. IAF, Tab 6 at 4. He stated that he was a disabled veteran, and he claimed that, as a result of animus towards him and other veterans and disabled veterans, management and certain coworkers created a hostile work environment through their actions, inactions, and statements. *Id*. at 6. In addition, he stated that the agency discriminated against him as a veteran and a disabled veteran in job assignments and performance evaluations, and retaliated against him for disclosures he made about the hostile work environment and the animus that the agency expressed towards veterans and disabled veterans. *Id*. He also claimed that the agency discriminated against him as a veteran and a disabled veteran when it suspended his access to classified information and indefinitely suspended him. *Id*.

Following this submission, the administrative judge dismissed the appeal without prejudice, stating that it would be automatically refiled in 40 days, IAF, Tab 7, Initial Decision at 2, which it was, *Saucier v. Department of the Navy*, MSPB Docket No. PH-0752-18-0026-I-2, Appeal File (I-2 AF) Tab 1. She then joined the refiled appeal with the appellant's earlier appeal, which had been placed on suspense and which, upon joinder, became *Saucier v. Department of the Navy*, MSPB Docket No. PH-0752-17-0288-I-2. I-2 AF, Tab 3. The agency then moved that the instant USERRA appeal be dismissed for lack of jurisdiction, and the appellant argued in opposition. I-2 AF, Tabs 5, 9. In her initial decision, the administrative judge only addressed the appellant's USERRA appeal regarding the access to classified information issue and found that USERRA does not authorize the Board to review a security clearance determination, either as an affirmative defense in an adverse action or in a separate appeal.[2] I-2 AF, Tab 10, Initial Decision (ID) at 2. The administrative judge dismissed the appeal. ID at 1-2.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 5, and the appellant has submitted a reply, PFR File, Tab 6.

## ANALYSIS

On review, the appellant clarifies that the USERRA claim he filed was not an affirmative defense as docketed by the Board, but rather a two-part USERRA claim: discrimination based on veterans status in connection with the suspension of his access to classified information and his indefinite suspension and discrimination based on veterans status in connection with his overall work environment. PFR File, Tab 1 at 5-6. Based on our review of the submission the

---

[2] Although she did not explicitly so state, the administrative judge implicitly severed this appeal from MSPB Docket No. PH-0752-17-0288-I-2. The initial decision at issue here only addressed matters raised in MSPB Docket No. PH-0752-18-0026-I-2, and the administrative judge continued to adjudicate MSPB Docket No. PH-0752-17-0288-I-2 after the issuance of the initial decision in this matter.

appellant filed on June 18, 2018, IAF, Tab 6, we agree that he indeed was raising two separate USERRA claims, which we now address.

To establish jurisdiction under 38 U.S.C. § 4311(a), an appellant must allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009). The Board has adopted "a liberal approach in determining whether jurisdiction exists under USERRA." *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014) (quoting *Yates v. Merit Systems Protection Board*, 145 F.3d 1480, 1484 (Fed. Cir. 1998)); *Fox v. U.S. Postal Service*, 88 M.S.P.R. 381, ¶ 10 (2001) (finding that a claim of discrimination under USERRA should be liberally construed).

Regarding the appellant's USERRA claim related to the suspension of his access to classified information and his indefinite suspension, the appellant argues on review that the Board has jurisdiction over that claim. PFR File, Tab 1 at 8-10. Given the Board's liberal approach to establishing USERRA jurisdiction, the appellant may well have been able to establish Board jurisdiction, had he been afforded the opportunity to do so.[3] However, we need not remand this claim for further adjudication because there is no set of facts under which the Board could grant the appellant relief. USERRA does not authorize the Board to review security clearance determinations. *Wilson v. Department of the Navy*, 122 M.S.P.R. 585, ¶ 10 (2015) (citing 38 U.S.C. chapter 43, and *Department of the Navy v. Egan*, 484 U.S. 518, 530 (1988)), *aff'd*, 843 F.3d 931 (Fed. Cir. 2016). Further, our reviewing court has held that, to consider an appellant's

---

[3] The administrative judge did not provide the appellant with notice of his burden to establish jurisdiction over either of his USERRA claims. *See Fox*, 88 M.S.P.R. 381, ¶ 14 (explaining that an administrative judge must inform an appellant of the USERRA burdens of proof and the different methods of proving a USERRA claim).

claim that the revocation of his security clearance was based on false complaints and accusations would necessarily involve "second-guessing . . . national security determinations" in abrogation of *Egan.* *Wilson v. Department of the Navy*, 843 F.3d 931, 935 (Fed. Cir. 2016) (citing *Kaplan v. Conyers*, 733 F.3d 1148, 1155 (Fed. Cir. 2013)). Thus, the appellant in this case would be unable to establish before the Board that the agency discriminated against him based on his uniformed service when it denied him access to classified information and indefinitely suspended him because of that denial. Accordingly, we modify the initial decision to the extent that it dismissed for lack of jurisdiction the appellant's USERRA claim related to the suspension of his access to classified information and his indefinite suspension, and instead deny his request for corrective action.[4]

The appellant further argues on review that the administrative judge failed to consider the other USERRA claim he raised below, which is that the agency discriminated against him because of his uniformed service in job assignments and performance evaluations and by creating a hostile work environment. PFR File, Tab 1 at 6; IAF, Tab 6 at 6. Not only did the administrative judge fail to address this claim, but she also did not inform the appellant of the statutory burden of proving discrimination under USERRA with regard to this claim.

Accordingly, we forward the appellant's discrimination claim to the Northeastern Regional Office for docketing as a new USERRA appeal. In the new appeal, the administrative judge shall inform the appellant of the methods of proving a USERRA claim and explain the USERRA burdens of proof.

---

[4] We note the appellant's reliance on *Staub v. Proctor Hospital*, 562 U.S. 411 (2011), for the proposition that the Board must award him damages. PFR File, Tab 1 at 8. In *Staub*, the Court held a private employer may be liable under USERRA for the discriminatory animus of supervisors that were the proximate cause of the employer's actions against the employee. *Staub*, however, does not advance the appellant's cause in that it does not involve the key issue in his case which is that he was indefinitely suspended based on his lack of access to classified information, a matter which the Board is precluded from examining.

**NOTICE OF APPEAL RIGHTS**[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



*Gina K. Grippando*

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.